2002 ME 160

**Ronald WHITE**

v.

**McTEAGUE, HIGBEE, CASE, COHEN, WHITNEY & TOKER, P.A.**

Supreme Judicial Court of Maine.

Argued: Oct. 8, 2002.

Decided: Oct. 23, 2002.

Michael J. Waxman, Esq. (orally), Portland, for plaintiff.

John S. Whitman, Esq. (orally), Richardson, Whitman, Large & Badger, P.C., Portland, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

RUDMAN, J.

[¶ 1] Ronald White appeals from a judgment entered in the Superior Court (Cumberland County, *Warren, J.*) granting McTeague, Higbee, Case, Cohen, Whitney & Toker, P.A.'s (McTeague) motion for a summary judgment. White asserts that the court improperly interpreted 14

M.R.S.A. § 753–A[1] and, consequently, that his claim against McTeague is not barred by the six-year statute of limitations governing malpractice actions against attorneys. Finding no error, we affirm.

[¶ 2] The parties do not dispute the following facts. White sustained a knee injury while working at a sawmill in 1979 and received workers' compensation benefits without incident until 1986. At some point between December 2, 1986 and January 22, 1987, White met with attorney G. William Higbee to discuss a workers' compensation issue. For the purpose of the motion for a summary judgment, McTeague conceded that Higbee did not advise White of 39 M.R.S.A. § 95,[2] a statute foreclosing workers' compensation claims if ten years elapse from the date of the most recent payment of benefits.

[¶ 3] From 1988 until 2000, White received no workers' compensation benefits for his knee injury because he sought no medical attention and missed no time from work. As a result, the ten-year statute of limitations in section 95 began to operate against White in 1988 and, by 1998, it precluded all workers' compensation claims arising from his 1979 injury.

[¶ 4] In February 2001, White underwent knee replacement surgery after experiencing increased discomfort and filed a workers' compensation claim to cover the expenses. The claim was rejected as untimely pursuant to section 95.

[¶ 5] White subsequently brought this legal malpractice action against Higbee's law firm for failing to advise him of the limitations period. The law firm filed a motion for a summary judgment raising section 753–A's six-year statute of limitations as an affirmative defense. White opposed the motion, arguing the limitations period did not begin until Higbee's negligence caused a judicially cognizable injury; that date, he argued, was not until 1998 when section 95 foreclosed the 1979 workers' compensation claim. The Superior Court granted the summary judgment in favor of McTeague, and this appeal followed.

[¶ 6] We review a trial court's grant of a motion for summary judgment for errors of law and independently examine the parties' statements of material facts to determine if a genuine issue of material fact exists. *Blanchet v. Assurance Co. of Am.*, 2001 ME 40, ¶ 6, 766 A.2d 71, 73. Furthermore, we review the interpretation of a statute, a matter of law, de novo. *State v. McLaughlin*, 2002 ME 55, ¶ 5, 794 A.2d 69, 72.

[¶ 7] Absent legislative direction, the decision of when a cause of action accrues is a judicial function. *Nevin v. Union Trust Co.*, 1999 ME 47, ¶ 24, 726 A.2d 694, 699. Title 14 M.R.S.A. § 753–A governs actions against attorneys and provides that the statute of limitations begins to run "from the date of the act or omission giving rise to the injury," except in specifically enumerated instances delaying the operation of the statute until the discovery of the cause of action. 14 M.R.S.A. § 753–A; *Nevin*, 1999 ME 47, ¶ 31, 726 A.2d at 700. Unlike other contexts, the Legislature specifically enacted section

---

1. Section 753–A was in effect when White commenced suit against McTeague in August 2001. The Legislature, however, has since repealed section 753–A and replaced it with 14 M.R.S.A. § 753–B (Supp.2001). P.L.2001, ch. 115, §§ 1–2 (effective Sept. 21, 2001). The substance of the statute is unchanged.

2. In 1991, the Legislature repealed section 95 and replaced it with 39–A M.R.S.A. § 306(2) (2001 & Supp.2001). P.L.1991, ch. 885, § A–7 (effective Jan. 1, 1993). Section 306(2) reduces the limitation period from ten to six years. 39–A M.R.S.A. § 306(2).

753–A to dictate the exclusive situations in which courts can apply the discovery rule in actions against attorneys. *See* L.D. 2400, Statement of Fact (112th Legis.1985); *Nevin,* 1999 ME 47, ¶¶ 31–35, 726 A.2d at 700.

▮ [¶ 8] White's claim against McTeague was untimely. We construe statutes of limitation narrowly, and the language in section 753–A is plain and unambiguous. *See Harkness v. Fitzgerald,* 1997 ME 207, ¶ 5, 701 A.2d 370, 372 ("Statutes of limitation are statutes of repose and ... should be construed strictly in favor of the bar which it was intended to create...." (quoting *Nuccio v. Nuccio,* 673 A.2d 1331, 1334 (Me.1996))). Section 753–A unequivocally specifies that the six-year statute of limitations accrues *"from the date of the act or omission"* (emphasis added) and comports with a legislative intent to limit stale claims against attorneys. The courts have no authority to depart from this policy of repose mandated by the Legislature. *See Myrick v. James,* 444 A.2d 987, 992 (Me.1982) ("That which we may not do is to change such a rule or policy once the Legislature has specifically taken that rule or policy out of the arena of the judicial prerogative ... by a positive and definitive statutory pronouncement ... of a specific rule or policy.").

[¶ 9] Higbee's alleged negligence occurred between December 1986 and January 1987 when, during the course of Higbee's representation, it is alleged he failed to warn White about the ten-year deadline in former section 95. Based upon the plain meaning of section 753–A, White's cause of action commenced from that date and expired by 1993.

The entry is:

Judgment affirmed.