STATE OF MAINE        SUPERIOR COURT

              CIVIL ACTION

WALDO, ss.         DOCKET NO. CV-01-017

PATRICIA McLAUGHLIN,

  Plaintiff

 v.           ORDER ON DEFENDANT'S
             MOTION FOR SUMMARY
SUPERINTENDING       JUDGMENT
SCHOOL COMMITTEE,
OF TOWN OF
LINCOLNVILLE,

  Defendant

DONALD L. GARBRECHT
LAW LIBRARY

NOV 1 2002

STATE OF MAINE
WALDO COUNTY
SUPERIOR COURT

OCT 2 4 2002

RECEIVED AND FILED
Joyce M. Page, Clerk

This matter is before the court on Defendant's Motion for Summary Judgment.

The Plaintiff is Patricia McLaughlin, representing her 14-year-old grandson, Joseph McLaughlin. The Defendant, Superintending School Committee of the Town of Lincolnville, owns and operates the Lincolnville Central School Building ("LCS") where Joseph was a student for over four years from November 1995 until April 2000.

In April of 2000, the School was shut down due to bacterial and fungal organisms in the air and walls of the building, as well as unsafe levels of carbon dioxide, and other hazards. Plaintiff contends that Defendant negligently or recklessly operated the School under these conditions. As a result, Joseph suffered severe physical and emotional injuries, has incurred medical bills, and will continue to endure severe physical and mental pain for the foreseeable future. Plaintiff contends that his injuries and suffering are due to Defendant's negligent or reckless operation and maintenance of the School as a public building under 14 M.R.S.A. § 8104-A(2).

Defendant now moves for summary judgment, alleging that Plaintiff failed to

1

comply with the requirements of the Maine Tort Claims Act, 14 M.R.S.A. §§ 8101-8118 ("MTCA") by failing to file a claim within 180 days of when the claim accrued and that no "good cause" exists for the failure to file the claim within the proscribed period. Defendant contends that the claim is therefore barred as a matter of law.

A summary judgment is proper if the citations to the record found in the parties' Rule 56(h) statements demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Dickinson v. Clark*, 2001 ME 49, ¶ 4, 767 A.2d 303, 305. "A fact is material if it has the potential to affect the outcome of the case under governing law." *Levine v. R.B.K. Caly Corp*, 2001 ME 77, ¶ 4, n.3, 770 A.2d 653, 655 n.3 (citing *Burdzel v. Sobus*, 2000 ME 84, 6, 750 A.2d 573, 575). "The invocation of the summary judgment procedure does not permit the court to decide an issue of fact, but only to determine whether a genuine issue of fact exists. The Court cannot decide an issue of fact no matter how improbable seem the opposing party's chances of prevailing at trial." *Searles v. Trustees of St. Joseph's College*, 1997 ME 128, ¶ 6, 695 A.2d 1206, 1209 (quoting *Tallwood Land & Dev. Co. v. Botka*, 352 A.2d 753, 755 (Me. 1976)). To avoid a judgment as a matter of law for a defendant, a plaintiff must establish a prima facie case for each element of her cause of action. *See Fleming v. Gardner*, 658 A.2d 1074, 1076 (Me. 1995).

Defendant's Motion for Summary Judgment and Statement of Material Facts were properly submitted to the court, with all accompanying documents as required by M.R. Civ.P. 7 and 56. Defendant's Reply Memo in Support of Summary Judgment was also properly submitted. As well, Plaintiff's opposition to the Motion for Summary Judgment and Statement of Material Facts were properly submitted per M.R. Civ.P. 7 and 56. The Statements of Fact by both parties were supported by record citations.

2

In its Motion for Summary Judgment, the Defendant asserts that the Plaintiff has failed to file a claim within 180 days of the date the claim accrued and therefore raises the issue of fact for the court's consideration as to the time of accrual of Plaintiff's cause of action. The Plaintiff asserts that the Notice of Claim was within the required time based upon date of diagnosis but that if the court does not so find, she has "good cause" for such untimeliness and therefore the Defendant's motion should fail. Plaintiff also raises an issue of a recent amendment to the statute in question and its applicability in this case.

Defendant alleges that Plaintiff's Notice of Claim was untimely because it was not filed within 180 days of accrual of the cause of action. Defendant asserts that Plaintiff's claim accrued two to three years prior to filing the notice of claim because Joseph's symptoms began to manifest themselves during his third grade year, worsening through his fifth grade year. Defendant's Statement of Material Facts, 11. Defendant presents case law asserting that a cause of action accrues at the time of injury, not at the time of awareness of the injury or its cause. *Myrick v. James*, 444 A.2d 987, 994 (Me. 1982); *see also McNicholas v. Bickford*, 612 A.2d 866, 869 (Me. 1992). Defendant also emphasizes that Plaintiff had notice of Joseph's problems long before 2001 and allegedly connected those problems with LCS's air quality. Defendant contends that Plaintiff could have filed a timely notice of claim even without full knowledge of the facts forming the basis of her suit. *Porter v. Philbrick-Gates*, 2000 ME 35, ¶ 8, 745 A.2d 996, 999.

Plaintiff contends that she first knew of air quality problems at LCS in April of 2000, that she made the connection between Joseph's health and the air quality at LCS in October 2000, and the claim thus accrued in October 2000. Plaintiff's Reply Statement

of Material Facts, 16 and 22. In support of her position, Plaintiff refers to case law that there is no cause of action until the Plaintiff discovers, or in the exercise of reasonable care and due diligence, should discover that he is suffering (*See Bernier v. Raymark Industries, Inc.,* 516 A.2d 534 (Me. 1986)), and that the issue of when a Plaintiff knows or should have known he had an illness related to environmental contaminants is an issue of fact for the jury. *See Townsend v. Chute Chemical Co.,* 691 A.2d 199 (Me. 1997). Plaintiff also asserts that, because her claim was filed in a timely manner in October 2000, the 2001 Amendment to 14 M.R.S.A. § 8107 (1) applies to this case.

The parties disagree as to the date on which the injury occurred, i.e., the judicially-cognizable injury. Defendant argues that the injury occurred in the school year 1997-98 when the child became ill. The Plaintiff suggests that the judicially cognizable injury did take not place until October of 2000 when a medical doctor attributed the child's sickness to the child's illness to the school condition. Under some circumstances, that would suggest a genuine issue of material fact. However, this court believes that the existence of a judicially-cognizable injury is a question of law based upon the cases that have reached such decisions. It is undisputed that a determination was made, and publicly discussed, that the air condition in the school was capable of causing illness in its occupants and the illness described is consistent with the symptoms suffered by the Plaintiff's grandson over the years from 1997 to April of 2000 when he left the school. Such conclusion by health authorities, publicly disclosed, clearly puts the Plaintiff on notice of some likelihood that the school conditions caused or contributed to the Plaintiff's situation. Therefore, whether this court accepts an early precise date of injury or the last date of a continuing environmental injury in April of 2000, the Plaintiff was no longer unable to determine a possible, even probable, source of the child's

4

illness. Since it is clear that such likelihood removed any vestige of mystery on the part of the Plaintiff, the court agrees with the Defendant that a plaintiff's responsibility to give a notice of claim to the governmental authority does not need a diagnosis, nor even a good faith belief sufficient to meet the requirements of M.R. Civ. P. 11. This, then, leaves the court to determine whether there exists a genuine issue of material fact as to the date of the injury and the court concludes that it does not. Under all of the undisputed facts in this case, it is clear that the latest date that would be considered the date of judicially cognizable injury would be April 2000 when the public disclosure was made and the child no longer attended the school. Under these circumstances, as a matter of law, the Notice of Claim of November 1, 2000, was beyond the required 180 days.

Plaintiff has presented analysis of cases suggesting a jury question relating to statute of limitations issues. This court distinguishes the present circumstances from those cases, first, because the facts are undisputed in this case, and secondly, because the statute of limitations is an affirmative defense, pleaded by the parties, and subject to jury consideration. The Maine Tort Claims Act is a legislative-created cause of action in the face of sovereign immunity by governmental agencies. Therefore, it must be strictly construed and its preliminary requirement is a notice of claim within the statutory period. Therefore, the notice of claim becomes a jurisdictional matter, and failure of notice removes the cause of action, that is, removes the authority of the court in judicially recognizing the claim. "Absent legislative direction, the decision of when a cause of action accrues is a judicial function." *Nevin v. Union Trust Co.*, 1999 ME 47, ¶ 24, 726 A.2d 694, 699. *White v. McTeague, et al.*, 2002 ME 160.

This then leaves the question whether there is a genuine issue of material fact as

5

to whether the claimant has shown good cause why notice could not have been filed within the 180-day limit. Inasmuch as it is undisputed that it was fully known in April of 2000 that the conditions in the school were not healthy, the Plaintiff noted the improvement in the health of the child upon removal from attendance at that school building and no diagnosis was determined by the Plaintiff until October of 2000, the court finds, as a matter of law, that the claimant has not met the burden of showing good cause from the undisputed facts.

Finally, the Plaintiff asserts that the September 2001 amendment to 15 M.R.S.A. § 8107 essentially extended the notice of claim requirement for a minor to 180 days after reaching a majority. While the Plaintiff suggests that the cause of action in this case accrued before the effective date of the amendment, she argues that the statute of limitation for the cause of action in this case had not expired as of the effective date of the statute. The court does not agree with this conclusion. The court believes the cause of action did not exist at the conclusion of 180 days from the date of the injury, therefor, the two-year statute of limitations has no meaning.

For all the reasons cited herein, the entry will be:

> The Defendant's Motion for Summary Judgment is GRANTED; judgement for Defendant.

Dated: October 24, 2002

Donald H. Marden
Justice, Superior Court

6

Date Filed **March 26, 2001**   **Waldo** County   Docket No. **CV-01-017**

Action **Property Negligence**

| | |
|---|---|
| PATRICIA McLAUGHLIN, as next friend of JOSEPH McLAUGHLIN | vs. SUPERINTENDING SCHOOL COMMITTEE OF TOWN OF LINCOLNVILLE ~~and SCHOOL UNION #69~~ Dismissed 6/11/01 |

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Charles E. Gilbert, III, Esq. P.O. Box 2339 Bangor, Maine 04402-2339 1-800-427-2293 947-2223 | Deirdre M. Smith, Esq. and Melissa A. Hewey, Esq. for School Comm. P.O. Box 9781 and School Union Portland, Maine 04104-5081 772-1941 |

| Date of Entry | |
|---|---|
| 03/26/01 | Complaint dtd. March 23, 2001, filed. Summary Sheet, filed. |
| 03/26/01 | Case file notice to atty. Gilbert. |
| 03/30/01 | Summonses dtd. March 23, 2001 showing service on defendants on March 28, 2001, filed. |
| 04/17/01 | Answer of Defendant Superintending School Committee of Town of Lincolnville dtd. April 13, 2001, filed. |
| 04/17/01 | Motion to Dismiss of School Union 69 dtd. April 13, 2001, filed. Memorandum of Law in Support of Motion to Dismiss, filed. Request for Hearing on motion and proposed order, filed. |
| 04/17/01 | Scheduling Order filed. Discovery deadline is Jan. 1, 2002. (Marsano, J. |
| 04/17/01 | Notice of entry and copy scheduling order to attys. Gilbert and Smith. |
| 04/26/01 | Plff's Jury Demand filed. $300.00 Jury fee paid. |
| 04/24/01 | Plff's Memorandum of Law in Opposition to Motion to Dismiss School Union #69 dtd. Apr. 25, 2001, filed. |
| 04/26/01 | Notice of Discovery Service dtd. Apr. 25, 2001, filed by Plffs. showing service of Plff's Request for Entry on Land & Plff's Jury Demand, served on Atty. Hewey on Apr. 25, 2001. |
| 05/02/01 | Reply Memorandum in Support of Motion to Dismiss of School Union 69 dtd. May 1, 2001, filed by Deft. |
| 05/03/01 | Notification of Discovery Service dtd. May 1,2001, filed by Plff. showing service of Plff's First Request for Production of Documents, served on Atty. Hewey on May 1, 2001. |
| 05/14/01 | Notification of Discovery Service dtd. May 11, 2001, filed by Deft., Superintending School Committee of Town of Lincolnville's First Request to Production of Documents and First Set of Interrogatories propounded on Plaintiff, served on atty. Gilbert on May 11, 2001. |
| 05/15/01 | Notice of Hearing Scheduled June 6, 2001 at 1:00 p.m. on Motion to Dismiss by School Union #69 to attys., Gilbert, Smith & Hewey. |