2007 ME 140

**Patricia FARNUM et al.**

v.

**ORAL SURGERY ASSOCIATES et al.**

Supreme Judicial Court of Maine.

Argued: Sept. 11, 2007.
Decided: Oct. 18, 2007.

Philip P. Mancini (orally), Benjamin P. Campo Jr., Drummond & Drummond, LLP, Portland, ME, for plaintiffs.

Craig A. Fontaine (orally), Cramer, Alissi & Fontaine, P.C., Hartford, CT, James E. Belleau, Skleton, Taintor & Abbott, P.A., Auburn, ME, for defendants.

Panel: SAUFLEY, C.J., and LEVY, SILVER, and MEAD, JJ.

LEVY, J.

[¶ 1] Patricia Farnum, Sandra Goddard, Barbara Traynor, and Stella Harrington appeal from a judgment entered in the Superior Court (Cumberland County, *Fritzsche, J.*) granting summary judgment to Oral Surgery Associates (OSA). These plaintiffs are four of nineteen patients who brought claims for product liability, breach of warranty, and negligence against OSA and the oral surgeons who surgically implanted Vitek devices in their temporomandibular joints to relieve jawbone malfunctions. They contend that the court erred when it concluded that their "duty to warn" claims were barred by the statute of limitations and that they had failed to generate a genuine issue of material fact as to when they had knowledge of the risks associated with their Vitek implants. We affirm the judgment.

## I. BACKGROUND

[¶ 2] The factual and procedural history of this case is laid out in two previous decisions of this Court: *Brawn v. Oral Surgery Assocs.*, 2003 ME 11, 819 A.2d 1014 (*Brawn I*) and *Brawn v. Oral Surgery Assocs.*, 2006 ME 32, 893 A.2d 1011 (*Brawn II*). The Vitek implants at issue in these decisions were the subject of a United States Food and Drug Administration safety alert in 1990 that warned of the "serious problems" associated with Vitek implants, including the risk of "implant perforation, fragmentation, and/or [a] foreign body response which may result in progressive bone degeneration." *Brawn I*, 2003 ME 11, ¶ 2, 819 A.2d at 1018.

[¶ 3] In *Brawn I*, we affirmed the court's (*Delahanty, J.*) finding that most of the patients' claims were barred by the three-year statute of limitations applicable to medical malpractice, 24 M.R.S. § 2902 (2006),[1] or the six-year statute of limitations applicable to fraudulent concealment, 14 M.R.S. § 859 (2006).[2] 2003 ME 11, ¶¶ 35–36, 819 A.2d at 1029. However, we found the grant of summary judgment inappropriate as to some plaintiffs' Category E claims. We defined Category E claims as those claims alleging "a breach of the duty to adequately advise the patient as to the risks to his/her health of leaving the implants in place during the period after the operation and within three years of the filing of the notice of claim." *Id.* ¶ 19, 819 A.2d at 1025.[3] We explained that, under a claim for failure to adequately advise, "the defendants' duty to warn expired when

1. Title 24 M.R.S. § 2902 (2006) provides in relevant part:

 Actions for professional negligence shall be commenced within 3 years after the cause of action accrues. For the purposes of this section, a cause of action accrues on the date of the act or omission giving rise to the injury.

2. Title 14 M.R.S. § 859 (2006) provides:

 If a person, liable to any action mentioned, fraudulently conceals the cause thereof from the person entitled thereto, or if a fraud is committed which entitles any person to an action, the action may be commenced at any time within 6 years after the person entitled thereto discovers that he

has just cause of action, except as provided in section 3580.

3. Farnum, Goddard, Traynor, and Harrington were among the plaintiffs whose Category E claims were found to have been improperly disposed of on summary judgment. *Brawn I*, 2003 ME 11, ¶¶ 32–34, 819 A.2d at 1028–29. The court determined that the claims of Farnum, Goddard, and Traynor were governed by the three-year statute of limitations, 24 M.R.S. § 2902, while Harrington's claim was governed by the six-year statute of limitations for fraudulent concealment, 14 M.R.S. § 859. *Brawn I*, 2003 ME 11, ¶¶ 26, 33–34, 819 A.2d at 1026–27, 1028–29.

[the] plaintiff[ ] became aware of the problem." *Id.* ¶ 9, 819 A.2d at 1027.

[¶ 4] In *Brawn II*, we affirmed a summary judgment entered against four plaintiffs who had all had their implants removed more than three years prior to filing their notices of claims. 2006 ME 32, ¶ 21, 893 A.2d at 1017. We found that these plaintiffs had clearly become aware of the risks associated with the implants at least at the time they had them removed. *Id.* ¶ 13, 893 A.2d at 1015–16. As for a plaintiff who never had her implants removed, we found the summary judgment proper because she had received an FDA letter warning of the defects more than three years prior to filing her notice of claim, and hence "waited more than three years after learning of the dangers of the implants before filing her notice of claim." *Id.* ¶ 20, 893 A.2d at 1017.

[¶ 5] The present case involves OSA's motion for summary judgment as to four plaintiffs: Farnum, Goddard, Traynor, and Harrington. In a decision dated October 12, 2006, the court granted summary judgment in favor of OSA on the grounds that the statute of limitations as to each plaintiff's failure to warn claim had run. With regard to Farnum and Traynor, the court found that both had received warnings that were sufficient to start the statute of limitations more than three years prior to filing their notices of claims. The court found that Goddard's claim was barred because more than three years prior to filing her notice of claim, she had signed an informed consent prior to having her implants removed. Finally, the court determined that Harrington's claim was barred under the six-year statute of limitations because she had had her implants removed in 1987 and did not file a notice of claim until 1995. The court certified the summary judgment as final pursuant to M.R. Civ. P. 54(b)(1), and all four plaintiffs have appealed.

## II. DISCUSSION

### A. Standard of Review

 [¶ 6] We review a grant of summary judgment de novo, considering "the evidence in the light most favorable to the party against whom judgment has been granted to decide whether the parties' statements of material facts and the referenced record material reveal a genuine issue of material fact." *Brawn I*, 2003 ME 11, ¶ 15, 819 A.2d at 1022 (quotation marks omitted). A grant of summary judgment will be affirmed "if the record reflects that there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. "A genuine issue of material fact exists when there is sufficient evidence to require a fact-finder to choose between competing versions of the truth at trial." *Lever v. Acadia Hosp. Corp.*, 2004 ME 35, ¶ 2, 845 A.2d 1178, 1179. In its statement of material fact, a party must "explicitly admit, deny, or qualify facts by reference to each numbered paragraph, and a denial or qualification must be supported by a record citation." *Doyle v. Dep't of Human Servs.*, 2003 ME 61, ¶ 10, 824 A.2d 48, 52 (citing M.R. Civ. P. 56(h)(2)) (quotation marks omitted).

### B. The Statute of Limitations for Duty to Warn Claims

 [¶ 7] "Whether a claim is barred by the statute of limitations is a question of law, reviewed de novo." *Francis v. Stinson*, 2000 ME 173, ¶ 56, 760 A.2d 209, 220. The statute of limitations for professional negligence is three years. 24 M.R.S. § 2902. We have explained that "[a]n oral surgeon has 'a duty to warn a patient of learned dangers of implanted

devices' ... [but] once a patient discovers the risks associated with the implants, the surgeon's duty to warn expires, and any notice of claim filed beyond the applicable statute of limitations is barred." *Brawn II*, 2006 ME 32, ¶ 11, 893 A.2d at 1015 (quoting *Brawn I*, 2003 ME 11, ¶ 17, 819 A.2d at 1023). When a cause of action is "fraudulently concealed" from a patient, the statute of limitations is six years and does not commence until the patient "discovers" the cause of action. 14 M.R.S. § 859. The statute of limitations will begin to run "when the existence of the cause of action or fraud is discovered or should have been discovered by the plaintiff in the exercise of due diligence and ordinary prudence." *Westman v. Armitage*, 215 A.2d 919, 922 (Me.1966).

[¶ 8] For purposes of this appeal, the specific question presented is whether the duty to warn is fulfilled upon proof that a notice warning of the dangers of an implant was received by the patient, or whether it must also be shown that the patient understood the warning. As we stated in both *Brawn I* and *Brawn II*, a surgeon's duty to warn expires once the patient *learns of the risks* associated with an implant. *Brawn I*, 2003 ME 11, ¶ 29, 819 A.2d at 1027; *Brawn II*, 2006 ME 32, ¶ 11, 893 A.2d at 1015. We have not, however, defined the duty to require that the surgeon ensure that the patient understands the risks or determine whether those risks have come to fruition in any particular patient. This view comports with our statement in *Brawn I* that the duty to warn is justified because there are " 'compelling reasons' to require an oral surgeon who inserts medical devices to ...

'*promptly pass along* important information.' " 2003 ME 11, ¶ 31, 819 A.2d at 1028 (quoting *Harris v. Raymond*, 715 N.E.2d 388, 394 (Ind.1999)) (emphasis added). A surgeon has fulfilled her duty to warn when she has passed along important information regarding the safety of implants, such as FDA alerts, to affected patients. The duty does not require the surgeon (or courts) to inquire into whether each patient subjectively understood those warnings. Further, *Brawn II* established that the "duty to advise the patients of the health risks of leaving the implants in place" clearly expires upon removal of the implants. 2006 ME 32, ¶ 7, 893 A.2d at 1014. With these standards in mind, we turn to consider whether Farnum, Goddard, Traynor, or Harrington have generated a genuine issue of material fact on any of their claims against OSA for breach of the duty to warn.

1. Patricia Farnum

[¶ 9] Viewing the summary judgment record in the light most favorable to Farnum, the following facts are undisputed. An OSA surgeon placed a Vitek implant in Farnum on March 20, 1985. In April 1990, OSA sent Farnum a letter (letter 1) advising her that a tissue response was possible as a result of the implants and requesting that she make an appointment for an examination and evaluation. Farnum acknowledges that she received this letter in June 1990. In February 1991, OSA sent Farnum a second letter (letter 2) that advised her of the FDA's safety alert regarding possible dangers associated with Vitek implants.[4]

---

4. Letter 2 provided:
 The Federal Drug Administration has sent out a safety alert which advises us that Proplast Implants "have been associated with implant perforation, fragmentation and/or foreign body response which may result in

progressive bone degeneration of the mandibular condyle and/or glenoid fossa."
 "FDA recommends that all patients with these implants who have not had a radiograph taken in the past six months undergo

Farnum acknowledges receiving this letter on February 6, 1991. OSA sent Farnum a third letter in October 1991, advising Farnum of Vitek's notice of bankruptcy. Farnum filed her notice of claim on February 10, 1994.

[¶ 10] Farnum's claim is governed by the three-year statute of limitations for professional negligence. From the facts, it is clear that Farnum received notice of the FDA safety alert upon receiving letter 2 on February 6, 1991. She then waited more than three years to file her notice of claim, until February 10, 1994. The court therefore correctly found that her claim was barred by the statute of limitations.

### 2. Sandra Goddard

[¶ 11] Viewing the summary judgment record in the light most favorable to Goddard, the following facts are undisputed. On August 16, 1983, an OSA surgeon inserted a Vitek implant in Goddard. On April 26, 1990, after undergoing a bone scan and consultation with an OSA doctor, Goddard signed an informed consent form regarding surgery to remove the implant. Goddard's implant was removed on May 2, 1990. She filed her notice of claim on April 30, 1993.

[¶ 12] The undisputed facts establish that Goddard was adequately warned of the risks associated with her Vitek implant at time she consented to have it removed, on April 26, 1990. Because her notice of claim was not filed until April 30, 1993, the court was correct in finding that Goddard's claim was filed outside the three-year statute of limitations applicable to her case.

### 3. Barbara Traynor

[¶ 13] It is undisputed that Traynor received her Vitek implants on December 12, 1985, and that she filed her notice of claim on June 18, 1994. In addition, OSA claims in its statement of material facts that it sent letter 2, with the FDA safety alert attached, to Traynor in February 1991. Traynor denies this statement, responding that she does not appear on any of the patient lists that identify those to whom letter 2 was sent in February 1991. She acknowledges receiving letter 2 at some point, but claims that she presumably received it after January 26, 1993. She does not deny, however, that she made an appointment with OSA after receiving letter 2. OSA claims that an appointment Traynor had with an OSA surgeon on March 28, 1991, was in response to receiving letter 2. In an attempt to deny this statement, Traynor claims that she does not have "any idea why the March 28, 1991 appointment occurred."

[¶ 14] This response by Traynor is not a proper denial of OSA's claim that the appointment was triggered by Traynor's receipt of letter 2. Hence, that fact is deemed admitted. *See* M.R. Civ. P. 56(h)(4); *Stanley v. Hancock County Comm'rs,* 2004 ME 157, ¶ 13, 864 A.2d 169, 174. Viewing the summary judgment record in the light most favorable to her, the latest Traynor could have received notice of the risks associated with her Vitek implants was March 28, 1991. Because Traynor did not file her notice of claim until more than three years after that date, the

---

immediate and appropriate radiographic examination."

"If loss of implant integrity or progressive bone degeneration is not occurring, regular radiographic examination of the implant should be performed every six months for as long as it remains in the jaw."

Since our records show you have this type of material we would appreciate you contacting our office at 772–4063 for x-rays and an evaluation. If you are calling long distance you may call 1–800–649–0805.

However, the actual FDA safety alert was not sent with letter 2.

court correctly found that her claim was barred by the statute of limitations.

4. Stella Harrington

[¶ 15] Viewing the summary judgment record in the light most favorable to Harrington, the following facts are undisputed. On January 14, 1987, Vitek implants were placed in Harrington by an OSA surgeon. After complaining of pain in her jaw, Harrington had her implants removed on July 30, 1987. Harrington filed her notice of claim on May 7, 1995.

[¶ 16] Unlike the three other plaintiffs, Harrington's claim is governed by the six-year statute of limitations for fraudulent concealment because, earlier in this litigation, she presented evidence that OSA surgeons had "engaged in conduct that a fact finder might conclude amounted to fraudulent concealment." *Brawn I,* 2003 ME 11, ¶ 26, 819 A.2d at 1026–27. However, as we held in *Brawn II,* OSA's duty to warn Harrington of the risks of leaving the implants in place expired upon removal of the implants. Because her notice of claim was not filed within six years of the removal of her implants, the court correctly found that Harrington's claim was untimely.

The entry is:

Judgments affirmed.