ENTERED AUG 2 2 2014

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-13-275
JAW-CUM-08-12-14

MALCOLM HALLIDAY, et al.

    Plaintiffs

    v.

KATHRYN W. HENRY, et al.

    Defendants

ORDER ON MOTION
FOR SUMMARY
JUDGMENT

STATE OF MAINE
Cumberland ss Clerk's Office

AUG 12 2014

RECEIVED

Defendants' unopposed motion for summary judgment is before the Court. For the following reasons, the motion is granted.

## BACKGROUND

Plaintiffs own property abutting defendants' property in Harpswell, Maine. (Compl. ¶¶2-4.) They allege that their property has been damaged "as the result of the redirection of runoff water" from defendants' property. (Compl. ¶ 1.) Plaintiffs filed their pro se complaint on June 27, 2013, alleging that defendants are liable for statutory nuisance under 17 M.R.S. § 2808. On June 25, 2014, defendants filed a motion for summary judgment. The Court has not received any opposition to the motion or any other filings from plaintiffs.

## DISCUSSION

The Law Court has repeatedly instructed that pro se litigants are held to the same standards as represented parties.[1] *Richards v. Bruce*, 1997 ME 61, ¶ 8, 691 A.2d 1223; *Uotinen v. Hall*, 636 A.2d 991, 992 (Me. 1994). Defendants' motion for summary judgment includes the required notices under Rule 7. *See* M.R. Civ. P. 7(b)(1)(A)-(B). Defendants' filing of the motion "constitute[s] a representation by the party, subject to the obligations of Rule 11, that a copy of the paper has been or will be served upon each of the other parties . . . . No further proof of service is required unless an adverse party raises a question of notice." M.R. Civ. P. 5(d). Plaintiffs have risked the consequences of failing to oppose defendants' motion for summary judgment.

Properly supported statements of material fact are deemed admitted if the opposing party fails to properly controvert them. *Stanley v. Hancock County Comm'rs*, 2004 ME 157, ¶ 18, 864 A.2d 169. Defendants' relevant statements of material fact are properly supported by record citations as required by Rule 56. *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 6, 770 A.2d 653. They are therefore deemed admitted by plaintiffs. "When the plaintiff fails to set forth facts showing that there is a genuine issue for trial on a statute of limitations defense, summary judgment may be granted on the ground that the applicable statute of limitations has run." *Brawn v. Oral Surgery Assocs.*, 2006 ME 32, ¶ 10, 893 A.2d 1011.

---

[1] The Court advised plaintiffs to retain counsel for this matter. Plaintiffs nevertheless decided to proceed pro se.

2

The construction on defendants' property that is the subject of plaintiffs' complaint was completed in 2004. (Supp. S.M.F. ¶ 2.) Plaintiffs had notice of the runoff problem at the latest by the summer of 2005. (Supp. S.M.F. ¶ 3.) Plaintiffs did not file their complaint until June 2013. The statute of limitations for common law nuisance is six years. 14 M.R.S. § 752 (2013). Under 17 M.R.S. § 2808,[2] the statute of limitations is three years. 17 M.R.S. § 2808 (2013). Furthermore, 17 M.R.S. § 2808 did not go into effect until January 1, 2007 and applies only to causes of action that accrue on or after its effective date. P.L. 2006, ch. 564 §§ 2-3. Plaintiffs' complaint was therefore filed outside of the statute of limitations.

The entry is:

Defendants' motion for summary judgment is GRANTED.

Dated: 8/12/14

Joyce A. Wheeler
Justice, Superior Court

---

[2] 17 M.R.S. § 2808, provides: "Unreasonable use of land that results in altered flow of surface water that unreasonably injures another's land or that unreasonably interferes with the reasonable use of another's land is a nuisance."

3

Plaintiffs-Malcolm Halliday and Ingigerdur Halliday-Pro Se Plaintiffs
Defendants-Jessica Adler Coro, Esq