STATE OF MAINE                           SUPERIOR COURT
CUMBERLAND, ss                           CIVIL ACTION
                                         DOCKET NO. CV-17-326

CROCKER CIRQUE II, LLC,
RICHARD J. GODUTI, and
JAMES P. GODUTI,



        Plaintiffs

v.                                       ORDER    ON    MOTION    FOR
                                         SUMMARY JUDGMENT

RICHARD J. ABBONDANZA, ESQ.,
JAMES A. HOPKINSON, ESQ., and
HOPKINSON & ABBONDANZA, P.A.,

        Defendants

Before the court is defendants Richard J. Abbondanza, Esq., James A. Hopkinson, Esq.,

and Hopkinson & Abbondanza, P.A.'s motion for summary judgment. For the following reasons,

the motion is granted.

I.      FACTS

In 2005, plaintiffs Richard Goduti and James Goduti retained defendants Richard

Abbondanza, Esq. and Hopkinson & Abbondanza, P.A. to represent plaintiffs in the formation of

a limited liability corporation, Crocker Cirque II, LLC ("Crocker Cirque"). (Defs.' Supp'g S.M.F.

¶ 1.¹) In the representation of plaintiffs, defendant Abbondanza prepared condominium documents,

Fall Line Declaration of Condominium, recorded on December 1, 2005, with plaintiff Crocker

Cirque as the declarant. (Defs.' Supp'g S.M.F. ¶ 2.) This Declaration of Condominium included

a provision limiting plaintiff Crocker Cirque's right to declare additional units to ten years from

---

¹ "A party's citation to its own complaint is insufficient to support a material fact." Deutsche Bank Nat'l
Trust Co. v. Raggiani, 2009 ME 120, ¶ 6, 985 A.2d 1. Plaintiff admitted this statement of fact. (Pls.' Opp'g
S.M.F. ¶ 1.)

1

the date of recording. (Defs.' Supp'g S.M.F. ¶ 3.) On April 13, 2006, defendant Hopkinson & Abbondanza prepared an Amended and Restated Declaration of Fall Line Condominium, recorded April 13, 2006. (Defs.' Supp'g S.M.F. ¶ 6.) The Amended Declaration altered the time period for plaintiff Crocker Cirque to declare additional units from ten years to seven years after the recording of the Amended Declaration. (Defs.' Supp'g S.M.F. ¶¶ 6-7.) Plaintiff Richard Goduti signed the Declaration of Condominium and the Amended Declaration as manager of plaintiff Crocker Cirque. (Defs.' Supp'g S.M.F. ¶¶ 5, 9.)

In 2012, an issue arose regarding whether plaintiffs could adjust the footprint of one of the buildings in the condominium project. (Pls.' Add'l S.M.F. ¶ 10.) An associate at defendant Hopkinson & Abbondanza researched and prepared a memorandum on the footprint issue, which he emailed to defendant Abbondanza on June 4, 2012. (Pls.' Add'l S.M.F. ¶¶ 11-12.) In the memorandum about the footprint issue, the associate quoted the Amended Declaration and stated, "[t]herefore CC would have to exercise its rights by April 13, 2013." (Pls.' Add'l S.M.F. ¶ 15.) On May 5, 2015, plaintiff Richard Goduti's wife emailed defendant Abbondanza and inquired about the expiration of plaintiffs' declaration rights. (Pls.' Add'l S.M.F. ¶ 23.) Plaintiff Richard Goduti emailed defendant Abbondanza on May 12, 2015 and inquired about the right to develop additional units. (Pls.' Add'l S.M.F. ¶ 35.) Defendant Abbondanza responded that plaintiffs had the right to declare additional units. (Pls.' Add'l S.M.F. ¶ 36.)

On August 14, 2018, plaintiffs filed an amended complaint to add defendant James Hopkinson, Esq. In the first amended complaint, plaintiffs allege defendants Abbondanza and Hopkinson & Abbondanza breached the duty of care and were negligent by:

---

[2] Defendants are correct that affidavits submitted on a motion for summary judgment must be made on personal knowledge, must set forth facts that would be admissible in evidence, and must show that the affiant is competent to testify to the matters in the affidavit. M.R. Civ. P. 56(e).

a) failing to consult with Plaintiffs regarding a change to the time period for exercising declarant rights;

b) failing to advise Plaintiffs of the reduction in the time period for Crocker Cirque II, LLC to exercise its right to declare additional units from ten (10) years to seven (7) years after filing the Amended and Restated Declaration of Fall Line Condominium;

c) failing in June of 2012 to advise Plaintiffs that declaration rights had to be exercised prior to April 13, 2013;

d) failing in June of 2012 to advise Plaintiffs to amend the Fall Line Condominium Declaration based on their knowledge of the ongoing and continuing nature of the condominium project; and

e) failing in May of 2015 to advise Plaintiffs that their rights to declare additional units had already expired.

(Pls.' Amend. Compl. ¶ 44.) Plaintiffs also allege defendants Hopkinson and Hopkinson & Abbondanza breached their fiduciary duties by failing to advise plaintiffs that they should not proceed with the new phase of construction in light of the expiration of their declarant rights. (Pls.' Amend. Compl. ¶ 63.)

## II. PROCEDURE

On August 14, 2018, plaintiffs filed an amended complaint against defendants. Defendants filed an answer on August 27, 2018 and on November 30, 2018, defendants filed a motion for summary judgment. Plaintiffs filed an opposition to the motion on December 13, 2018. Defendants filed their reply on December 26, 2018.

## III. STANDARD OF REVIEW

Summary judgment is proper where "there is no genuine issue as to any material fact" and the moving party "is entitled to judgment as a matter of law." M.R. Civ. P. 56(c). On a motion for summary judgment, the court takes all facts and inferences in favor of the non-moving party. LePage v. Bath Iron Works Corp., 2006 ME 130, ¶ 9, 909 A.2d 629. "A fact is material if it has the potential to affect the outcome of the case." Id. A genuine issue exists "when there is sufficient evidence for a fact-finder to choose between competing versions of the fact." Lougee Conservancy v. CityMortgage, Inc., 2012 ME 103, ¶ 11, 48 A.3d 774. "When the plaintiff fails to set forth facts

3

showing that there is a genuine issue for trial on a statute of limitations defense, summary judgment may be granted on the ground that the applicable statute of limitations has run." Brawn v. Oral Surgery Assocs., P.A., 2006 ME 32, ¶ 10, 893 A.2d 1011.

IV.  DISCUSSION

Defendants argue plaintiffs' claims are barred by the statute of limitations and that plaintiffs Richard Goduti and James Goduti's alleged emotional distress damages are not recoverable. Plaintiffs argue that defendants were negligent during the course of their continuing representation of plaintiffs and that they have raised genuine issues of material fact as to the availability of plaintiffs Godutis' emotional distress damages.

A. Statute of Limitations

Actions against attorneys are subject to a six-year limitations period and "the statute of limitations begins to run from the date of the act or omission giving rise to the injury." 14 M.R.S. § 753-B (2001); 14 M.R.S. § 752 (2017). Statutes of limitations are "construed strictly in favor of the bar which it was intended to create." Harkness v. Fitzgerald, 1997 ME 207, ¶ 5, 701 A.2d 370. In White v. McTeague, Higbee, Case, Cohen, Whitney & Toker, P.A., the Law Court held the statute of limitations for attorney malpractice began when the attorney failed to warn his client of a deadline, not when deadline ended or when the plaintiff became aware of the omission. White v. McTeague, Higbee, Case, Cohen, Whitney & Toker, P.A., 2002 ME 160, ¶ 9, 809 A.2d 622. In this case, the act or omission giving rise to the injury was defendants' failure to inform plaintiffs of the provision in the Amended Declaration that changed the period of time to declare additional units from ten years to seven years. That omission took place in April of 2006.

The plaintiffs claim that defendants had a continuing duty to inform them of the seven-year deadline. Maine has not adopted this doctrine, which "tolls the running of the statute in an attorney

4

malpractice action until the professional relationship terminates with respect to the matter underlying the malpractice action." Nevin v. Union Trust Co., 1999 ME 47, ¶ 36, 726 A.2d 694. Considering the language in White, it is unlikely the Law Court would adopt the doctrine. See Packgen Inc. v. Shur, No. CV-17-208, 2017 Me. Super. LEXIS 296, at *4 (Dec. 8, 2017); see also White, 2002 ME 160, ¶ 7, 809 A.2d 622. A continuing duty "would all but nullify the statute of limitations." Murphy v. Van Meer & Belanger, No. CV-96-424, 1996 Me. Super. LEXIS 356, at * 3 (Nov. 1, 1996).

Plaintiffs claim that the 2012 memorandum was an independent act of negligence. In the memorandum, the associate quoted the language of the 2006 Amended Declaration, signed by plaintiff Richard Goduti. (Pls.' Add'l S.M.F. ¶ 15.) A recitation of the provisions of a document created in 2006 does not create a separate cause of action.

Because the statute of limitations began to run in April of 2006, plaintiffs can survive a motion to dismiss only if the statute of limitations were tolled. A common law discovery rule tolls the statute of limitations "only if there is a fiduciary relationship between the plaintiff and defendant, the plaintiff must rely upon the defendant's advice as a fiduciary, and the cause of action [is] virtually undiscoverable absent an independent investigation that would be destructive of the fiduciary relationship." In re George Parsons 1907 Trust, 2017 ME 188, ¶ 23, 170 A.3d 215 (internal quotation marks omitted). The cause of action in this case was not "virtually undiscoverable" because Richard Goduti signed the Amended Declaration, it was a recorded public record, and plaintiffs could have viewed the document at any time. Further, plaintiffs do not claim that they were unable to protect their own interests. See Bornstein v. Poulos, 793 F.2d 444, 448-49 (1st Cir. 1986) (holding an attorney violated a separate fiduciary duty to a corporation when it was unable to protect its own interests).

5

This action is subject to section 753-B and because the omission that gave rise to the alleged loss took place in 2006, the six-year statute of limitations has run. 14 M.R.S. § 753-B. Plaintiffs have failed to raise a genuine issue of material fact regarding the statute of limitations defense.

B.  Emotional Distress Damages

While "a plaintiff may recover damages for severe emotional distress arising out of a legal malpractice action," the Law Court has "never allowed the recovery of emotional distress damages in legal malpractice actions that involve only an economic loss and no egregious conduct by the attorney." Garland v. Roy, 2009 ME 86, ¶ 24, 976 A.2d 940; see Curtis v. Porter, 2001 ME 158, ¶ 10, 784 A.2d 18 (emotional distress so severe that "no reasonable person could be expected to endure it.") Based on the unforeseeability of emotional distress damages resulting from an economic loss, the Law Court has determined such damages are unavailable unless the tort was intentional, when the attorney has been untruthful with clients, or when the attorney wantonly or willfully disregards the consequences of his actions. See Garland, 2009 ME 86, ¶ 26, 976 A.2d 940 (citing Timms v. Rosenblum, 713 F. Supp. 948, 954-955 (E.D. Va. 1989), aff'd, 900 F.2d 256 (4th Cir. 1990)). Plaintiffs have not raised an issue of material fact regarding egregious conduct on the part of defendants. (Pls.' Add'l S.M.F. ¶¶ 7, 16-19, 24-36, 39-41, 45-46.)

The entry is

> Defendants' Motion for Summary Judgment is GRANTED. Judgment is entered in favor of Defendants Richard Abbondanza, Esq., James A. Hopkinson, Esq., and Hopkinson & Abbondanza, P.A. and against Plaintiffs Crocker Cirque II, LLC, Richard J. Goduti, and James P. Goduti on Plaintiffs' Amended Complaint

Date: March 1, 2019

Nancy Mills
Justice, Superior Court

Entered on the Docket: 3/4/19

6