1997 ME 1

### Robin DUTIL

v.

### John BURNS.

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 16, 1996.

Decided Jan. 3, 1997.

---

Philip P. Mancini, Cloutier & Briggs, P.A., Rockport, for plaintiff.

Christopher D. Nyhan, Preti, Flaherty, Beliveau & Pachios, L.L.C., Portland, for defendant.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, DANA, and LIPEZ, JJ.

WATHEN, Chief Justice.

[¶ 1]  Plaintiff, Robin Dutil, appeals from an order of the Superior Court (Kennebec County, *Alexander, J.*) granting defendant John Burns's motion to dismiss plaintiff's notice of claim for professional negligence. Plaintiff argues on appeal, *inter alia,* that the court erred in barring her claim on the basis of the doctrine of res judicata and the statute of limitations.  We agree and vacate the judgment.

[¶ 2]  The history of plaintiff's efforts to sue defendant may be briefly summarized as follows: In January of 1995, plaintiff filed a suit in the Superior Court against defendant, an oral surgeon, alleging that she was injured by a defective temporomandibular joint, or jawbone implant, sold and surgically implanted by him.  The complaint sought recovery on theories of strict liability, breach of warranty, and negligent sale.  The court granted defendant's motion to dismiss that complaint for failure to state a claim upon which relief could be granted.  On appeal, we affirmed the dismissal ruling that the claim was an action for professional negligence governed by the Maine Health Security Act, 24 M.R.S.A. §§ 2501–2985 (1990 & Supp. 1996).  *Dutil v. Burns,* 674 A.2d 910 (Me. 1996).  The Act requires that all claims against medical providers be preceded by a notice of claim and screening by a prelitigation panel.  24 M.R.S.A. §§ 2851–2859, 2903.

[¶ 3]  In June of 1995, while the first action was still pending, plaintiff sent a notice of claim to defendant.  The notice is couched in terms of professional negligence rather than products liability and includes allegations that defendant misrepresented plaintiff's condition and the cause of her injuries. After the notice was filed in the Superior Court and assigned to a prelitigation screening panel, defendant moved to dismiss the

notice of claim pursuant to M.R.Civ.P. 12(b)(6) for failure to state a claim. Defendant attached a memorandum of law to the motion and asserted the affirmative defenses of res judicata and the statute of limitations. Plaintiff responded by a memorandum arguing that res judicata does not apply and that the statute of limitations is extended by virtue of defendant's fraudulent concealment of information pursuant to 14 M.R.S.A. § 859 (Supp.1996).

[¶ 4] The Superior Court scheduled a hearing on the motion to dismiss, and the parties now agree that neither received notice of that hearing. In any event, neither party was present for the hearing and the docket entry states: "Case to be dismissed as nobody appeared for hearing." The order of dismissal provides: "After having carefully reviewed Defendant's Motion to Dismiss and the witness admissions filed therewith,[1] it is hereby Ordered: Defendant's Motion to Dismiss is granted. Plaintiff's Notice of Claim is dismissed." Plaintiff moved for findings of fact and conclusions of law and the court denied the motion stating: "The Notice of Claim was dismissed as a matter of law—res judicata and statute of limitations; therefore no findings are required. Motion denied." From these orders, plaintiff appeals.

■■■ [¶ 5] Plaintiff argues that the dismissal of her first complaint on procedural grounds does not bar the present action for professional negligence. We agree.[2] We have described the doctrine of res judicata in the following terms:

> The effect of the prior decision on the present action is a question of law.... [T]he doctrine of res judicata bars the relitigation in a present action of all issues that were tried, or may have been tried, in a prior action if: (1) the same parties or their privies are involved in both actions;

(2) a valid final judgment was entered in the prior action; and 3) the matters present for decision now were, or might have been, litigated in the prior action.

*Currier v. Cyr,* 570 A.2d 1205, 1207–08 (Me. 1990). An order of dismissal for failure to state a claim is technically an adjudication on the merits unless, as is usually the case, leave is granted to amend the complaint. 1 Field, McKusick & Wroth, *Maine Civil Practice* § 12.11 at 119 (2d. ed. Supp.1981). Defendant's motion to dismiss the first action, although styled as a 12(b)(6) motion, challenged plaintiff's failure to comply with the statutory prerequisites for maintaining an action for professional negligence.[3] The dismissal for failure to comply with the statutory procedure is akin to a dismissal for insufficient service of process or lack of subject matter jurisdiction, and does not serve as an adjudication of the merits. The Superior Court erred in applying the bar of res judicata. The dismissal in the first action was premised on procedural defects and did not result in a final judgment on the merits.[4]

■■ [¶ 6] Plaintiff also argues that the court erred in concluding that her claim is barred by the three year statute of limitations applicable to actions for professional negligence. 24 M.R.S.A. § 2902. She argues, as she did in the memorandum filed with the trial court, that her notice of claim alleges misrepresentation and fraudulent concealment of material facts that prevented her from discovering her injury. Accordingly, she claims the benefit of the extended limitation provided by 14 M.R.S.A. § 859 for cases in which the cause of action is fraudulently concealed. Defendant argues in response that, even if all the allegations in plaintiff's notice of claim are taken as true, plaintiff has failed to set forth sufficient evi-

---

1. There were no "witness admissions" filed with the motion.

2. Plaintiff does not challenge the court's consideration of defendant's affirmative defenses, despite the fact that the Maine Health Security Act permits prelitigation consideration of affirmative defenses only by agreement of the parties or by order of the chair of the prelitigation screening panel. See 24 M.R.S.A. § 2853(5).

3. The Maine Health Security Act provides that "no action for professional negligence may be commenced" until a notice of claim has been served and filed, and the claim has been submitted to a prelitigation screening panel. 24 M.R.S.A. § 2903(1) (1990 & Supp.1996).

4. We acknowledge a lack of clarity in our original opinion concerning the basis for the dismissal.

dence of fraudulent concealment. Defendant argues he may have been medically negligent in recommending a conservative course of treatment instead of recommending immediate removal of the implant, but he contends that simple negligence cannot be considered "fraudulent concealment." Moreover, he argues, plaintiff has failed to satisfy the special pleading requirements for allegations of fraud set forth in M.R.Civ.P. 9(b).

[¶ 7] Defendant's argument ignores the fact that plaintiff's claim has not yet reached the stage where pleadings are required. The rules of pleading apply to complaints but have no direct application to a notice of claim. The statute that imposes the notice of claim requirement provides only that the notice shall set forth in writing "under oath, the professional negligence alleged and the nature and circumstances of the injuries and damages alleged." 24 M.R.S.A. § 2903(1)(A). The Superior Court erred in evaluating the sufficiency of the allegations in the notice of claim by relying on the pleading requirements applicable to a complaint. On this record and at this procedural stage, there are unresolved factual issues and no basis for the court to rule as a matter of law on the application of the statute of limitations.

[¶ 8] The entry is:

Judgment vacated. Remanded for further proceedings consistent with the opinion herein.

