MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:        2015 ME 116
Docket:          And-14-467
Submitted
  On Briefs:  July 1, 2015
Decided:        August 18, 2015

Panel:          ALEXANDER, GORMAN, JABAR, and HJELM, JJ.

WELLS FARGO BANK, N.A.

v.

ANTOINE A. GIROUARD et al.

HJELM, J.

[¶1]  After Wells Fargo Bank, N.A. commenced this action to foreclose on property owned by Antoine and Jessica Girouard, the Girouards moved for summary judgment, arguing that the statutorily mandated notice of default issued by Wells Fargo was defective.  Wells Fargo agreed with that contention, and the District Court (Lewiston, *Lawrence, J.,*) granted summary judgment to the Girouards but then, on Wells Fargo's motion, issued an amended order granting summary judgment in part and simultaneously dismissing Wells Fargo's complaint without prejudice.  On this appeal by the Girouards, they argue that the court erred by granting less than full summary judgment and by dismissing the foreclosure action without prejudice.  We agree and vacate the amended order of partial

2

summary judgment and dismissal, and we remand for reinstatement of the initial entry of full summary judgment in favor of the Girouards.

## I. BACKGROUND

[¶2]  Although, in an appeal from an order granting a motion for summary judgment, we ordinarily view the facts in the light most favorable to the nonprevailing party, *see Allen v. McCann*, 2015 ME 84, ¶ 8, --- A.3d ---, the facts of this case are not in dispute.  The Girouards own property located in Lewiston. In September 2004, they executed a note and mortgage deed in favor of a third party, and after several transactions, all rights created by the instruments were assigned to Wells Fargo.  In December 2012, Wells Fargo issued to the Girouards a notice of default and right to cure.  *See* 14 M.R.S. § 6111 (2014).  The notice informed the Girouards that, in order to cure the default, they were required to pay $8,848.81, "plus any additional monthly payments, late charges and other charges that may be due under applicable law after the date of [the] notice and on or before thirty-five (35) days from the date of [their] signed receipt of [the notice]."  When the Girouards failed to cure the default, Wells Fargo purported to accelerate the mortgage, and in July 2013 it initiated this action for foreclosure.

[¶3]  More than a year later, on July 14, 2014, shortly after we issued our decision in *Bank of Am., N.A. v. Greenleaf*, the Girouards moved for summary judgment, arguing that the notice of default did not comply with section 6111 as

interpreted in *Greenleaf.* *See* 2014 ME 89, ¶¶ 29-31, 96 A.3d 700 (holding that to comply with the statute, a notice of default must state the precise amount that the mortgagor must pay to cure the default, without allowing for accrual of any additional amount during the cure period). Wells Fargo filed a "limited opposition" to the Girouards' motion, agreeing that the demand letter did not meet the requirements of section 6111 and stating that "defendants' Motion for Summary Judgment should be granted for failure to properly accelerate the loan and this matter dismissed without prejudice." In September 2014, the court granted the Girouards' motion and entered summary judgment for them. In the same order, however, the court also dismissed the foreclosure action without prejudice.

[¶4] The Girouards then filed three post-judgment motions: (1) a motion to correct a "clerical mistake," *see* M.R. Civ. P. 60(a), in which they argued that the order dismissing the complaint was such an error; (2) a motion to alter or amend the judgment, *see* M.R. Civ. P. 59(e), so that it would constitute a summary judgment without reference to a dismissal of Wells Fargo's complaint; and (3) a motion for findings of fact and conclusions of law, *see* M.R. Civ. P 52(a). The court issued an amended order granting the motions in part, concluding that Wells Fargo had not complied with section 6111 as interpreted in *Greenleaf* because the notice of default did not state the precise amount of the payment needed to cure the

4

default.  The court relied on *Dutil v. Burns*, 1997 ME 1, 687 A.2d 639, and stated that a party's failure to comply with a "statutory requirement" leaves the court without subject matter jurisdiction.  On this basis, the court amended its previous order so that summary judgment now was granted "in part"[1] but that the foreclosure action was still "dismissed without prejudice."

[¶5]  From that amended order, the Girouards filed a timely appeal.[2]

## II.  DISCUSSION

[¶6]  The Girouards contend that the court erred when it dismissed the foreclosure action and ultimately granted only partial summary judgment in their favor.

[¶7]  The parties do not contest that the notice of default was insufficient pursuant to section 6111 and *Greenleaf*, 2014 ME 89, ¶¶ 29-31, 96 A.3d 700.  In *Greenleaf*, we enumerated the elements that, taken together, define a foreclosure claim and that a mortgagee therefore must prove in order to obtain a judgment of foreclosure.  Those elements include a proper notice of default.  Wells Fargo agreed that it would be unable to prove that necessary element of its substantive

---

[1]  The court did not identify which parts of the claim were encompassed in the summary judgment.

[2]  Although the Girouards appeal a summary judgment that was favorable to them, they nonetheless have standing because the amended summary judgment order was partial and was accompanied by a dismissal with terms that could have adverse collateral consequences in related future proceedings. *See Boston & Me. Corp. v. State Tax Assessor*, 2005 ME 114, ¶ 7 n.3, 884 A.2d 1165; *Great Cove Boat Club v. Bureau of Pub. Lands*, 672 A.2d 91, 92 n.1 (Me. 1996).

claim. This entitled the Girouards to a judgment on the claim itself, and not merely a dismissal of the complaint without prejudice.

[¶8] The court analogized this case to *Dutil*, where the plaintiff had not established the court's subject matter jurisdiction over her medical negligence claim because she had not followed the statutory procedure that must precede commencement of such an action. 1997 ME 1, ¶ 7, 687 A.2d 639. Regardless of its merit, Dutil's action was barred because of her "failure to comply with the statutory prerequisites for maintaining" such a claim in the first place. *Id*. ¶ 5. Here, on the other hand, the Girouards did not raise any issue about Wells Fargo's compliance with procedural "prerequisites" to the foreclosure action. Rather, they challenged the merits of Wells Fargo's claim based on applicable statutory requirements, and that was the basis for the court's order.[3]

---

[3] Wells Fargo mischaracterizes its failure of proof as a matter of standing. None of the issues in this case implicates a question of Wells Fargo's standing to pursue its foreclosure action. *Cf. Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶¶ 9-12, 96 A.3d 700. Rather, for the reasons set out in the text, the summary judgment process in this case established that Wells Fargo would be unable to prove the substantive foreclosure claim itself. This differs from the predicate requirement that a putative mortgagee establish standing, which is a demonstration that that party holds the rights necessary to get through the courthouse door and pursue the claim in the first place.

Similarly, the court's order suggested that it did not have subject-matter jurisdiction to hear the foreclosure action because of the evidentiary deficiencies in Wells Fargo's case that were exposed through the Girouards' motion for summary judgment. As we have recently reiterated, however, a party's lack of standing is not a jurisdictional problem, but rather it is an issue of justiciability that precludes a party from *invoking* the court's jurisdiction. *Homeward Residential Inc. v. Gregor*, 2015 ME 108, ¶¶ 15-20, --- A.3d ---; *see* 14 M.R.S. § 6321 (2014) (conferring jurisdiction on Maine's trial courts to adjudicate foreclosure actions).

[¶9]　The court therefore correctly entered summary judgment for the Girouards because Wells Fargo's entire claim was vitiated by its acknowledgement, which was supported by the record on summary judgment, that it would be unable to produce evidence on one of the necessary elements of its claim.　The judgment was not merely a dismissal of the action; it was a judgment on its merits.　Further, although the summary judgment adverse to Wells Fargo rested on only one of many necessary elements of the statutory cause of action, the judgment had the effect of disposing of the entire claim, and it is therefore not a judgment "in part."[4]

[¶10]　The parties spend considerable effort on appeal, as they did in the trial court, presenting their positions about the effect of the summary judgment order on any future action that Wells Fargo might initiate to seek the same relief based on the same rights.　Consideration of this issue is necessarily speculative, however, because, if the issue arises at all, it will be generated by events that have not yet happened and at present are entirely hypothetical.　Therefore, we do not address this issue, leaving it to another day if it becomes an actual controversy.　*See Bar Harbor Banking & Trust Co. v. Alexander*, 411 A.2d 74, 78 (Me. 1980).

---

[4]　M.R. Civ. P. 56(d) authorizes a court to issue a partial summary judgment, which is a summary judgment on less than the "whole case" and which leaves other issues to be tried.　That is not the present situation, because although the court did not reach all of the elements of the foreclosure claim, its order had the effect of disposing of the entire case, leaving no issue or claim for trial.

[¶11]  We conclude that because the notice of default issued by Wells Fargo did not meet the applicable requirements of law, the court properly entered summary judgment in favor of the Girouards, but the court erred when it characterized the disposition of the claim as a dismissal.  We therefore vacate the court's orders of partial summary judgment and dismissal of the foreclosure action, and we remand to the trial court for reinstatement of the entry of full summary judgment in favor of the Girouards.

The entry is:

> The orders of dismissal and partial summary judgment are vacated.  Remanded for entry of full summary judgment for the Girouards.

---

**On the briefs:**

Joshua Klein-Golden, Esq., Clifford & Golden, PA, Lisbon Falls, for appellant Antoine and Jessica Girouard

Kevin P. Polansky, Esq., Nelson Mullins Riley Scarborough LLP, Boston, Massachusetts, for appellee Wells Fargo Bank, N.A.

Lewiston District Court docket number RE-2013-135
FOR CLERK REFERENCE ONLY