STATE OF MAINE
ANDROSCOGGIN, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AUBSC-RE-15-055

MECHANICS SAVINGS BANK, )
)
Plaintiff, )
)
v. )
)
TAMMY D. FISHER, )
)
Defendant, )
)
and )
)
HOUSEHOLD FINANCE )
CORPORATION II, MAIN STREET )
ACQUISITION CORPORATION, and )
STATE OF MAINE, MAINE REVENUE )
SERVICE, )
)
Parties-in-Interest. )
)

ORDER ON PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT

RECEIVED & FILED

APR 0 6 2016

ANDROSCOGGIN
SUPERIOR COURT

Presently before the court is Plaintiff Mechanics Savings Bank's Motion for Summary Judgment in this foreclosure action brought pursuant to 14 M.R.S. §§ 6321-6325. Defendant Tammy D. Fisher has appeared in this action, but did not file an opposition to Plaintiff's motion.

After independent review, Plaintiff's Motion for Summary Judgment must be denied and judgment is entered for the Defendant.

## I. BACKGROUND

On or about June 7, 2002, Defendant and James J. Fisher executed and delivered a promissory note to Plaintiff with original principal amount of $126,000.00 (Pl. Supp. S.M.F. ¶ 1.) The promissory note was secured by a mortgage on property located at 96 Adolph Drive in Sabattus, Androscoggin County, Maine. (*Id.* ¶¶ 1-2.) Plaintiff asserts

that Defendant has defaulted on her obligations under the note and the mortgage by failing to make monthly payments when due since December 1, 2014. (*Id.* ¶¶ 8-9.)

Plaintiff mailed Defendant a notice of default and right to cure on February 3, 2015 (the "Notice of Default"). (*Id.* ¶ 10.) Plaintiff filed a complaint for foreclosure on April 7, 2015. (Compl. 1.) Foreclosure mediation pursuant to Maine Rule of Civil Procedure 93 was held on June 18, 2015. (Med. Report 1.) Further mediation was terminated by the court August 27, 2015. (8/27/15 Order 1.) Plaintiff moved for summary judgment on September 22, 2015.

## II.   STANDARD OF REVIEW

In residential mortgage foreclosure actions, the court strictly applies the rules regarding summary judgment. *HSBC Mortg. Servs., Inc. v. Murphy*, 2011 ME 59, ¶ 9, 19 A.3d 815. When a party moves for summary judgment in a residential mortgage foreclosure action, Maine Rule of Civil Procedure 56(j) requires the court to independently determine whether the mortgage holder has properly set forth in its statement of material facts all of the elements necessary for a foreclosure judgment. M.R. Civ. P. 56(j); *Chase Home Fin. LLC v. Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508. Each statement of material fact must be "supported by evidence of a quality that could be admissible at trial." *HSBC Bank USA, N.A. v. Gabay*, 2011 ME 101, ¶ 10, 28 A.3d 1158; M.R. Civ. P. 56(h)(4). The court must not consider a statement of material fact unsupported by citation to record evidence nor is the court allowed to search the record to find evidence in support of such unsupported statements. M.R. Civ. P. 56(h)(4); *Gabay*, 2011 ME 101, ¶ 17, 28 A.3d 1158.

Rule 56 also requires that "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." M.R. Civ. P. 56(e). When an affiant's statements are based upon his or her review of business

records, these records must be attached and must be referenced in order for the affidavit to provide adequate evidence in support of a motion for summary judgment. *Cach, LLC v. Kulas*, 2011 ME 70, ¶ 10, 21 A.3d 1015; M.R. Civ. P. 56(h)(4). In order for such business records to be deemed "of a quality admissible at trial," a qualified witness must attest, with regard to each record, that:

> (1) the record was made at or near the time of the events reflected in the record by, or from information transmitted by, a person with personal knowledge of the events recorded therein;
> (2) the record was kept in the course of a regularly conducted business;
> (3) it was the regular practice of the business to make records of the type involved; and
> (4) no lack of trustworthiness is indicated from the source of information from which the record was made or the method or circumstances under which the record was prepared.

*Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 25, 96 A.3d 700; M.R. Evid. 803(6).

In order to obtain summary judgment in a residential mortgage foreclosure action, the mortgage holder "must comply strictly with all steps required by statute," and the mortgage holder's statement of material facts must contain facts proving eight essential elements, including:

- evidence of a properly served notice of default and right to cure in compliance with 14 M.R.S. § 6111;

- the amount due on the mortgage note, including any reasonable attorney fees and court costs; and

- the order of priority and any amounts that may be due to other parties-in-interest;

*Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700 (citation omitted).

If the court determines on a motion for summary judgment that a foreclosure plaintiff would be unable to prove a necessary element of its substantive claim, then the

court must enter judgment for the defendant. *Wells Fargo Bank, N.A. v. Girouard*, 2015 ME 116, ¶ 9, 123 A.3d 216. The court may order summary judgment against the moving party without the need for a cross-motion by the non-moving party when the facts are thoroughly explored and no genuine issue found. M.R. Civ. P. 56(c); 3 Harvey, *Maine Civil Practice* § 56.10 at 251 (3d ed. 2012).

### III.   ANALYSIS

#### A.   Notice of Default

Plaintiff's Notice of Default did not strictly comply with 14 M.R.S § 6111. Under 14 M.R.S. § 6111, a mortgagee may not accelerate or enforce a mortgage on a mortgagor's primary residence until at least 35 days after giving written notice of the mortgagor's right to cure the default. 14 M.R.S. § 6111(1). If the mortgagor tenders payment of the amounts necessary to cure the default within the 35 days, the mortgage is restored as though the default had not occurred. *Id.* Section 6111 mandates that the notice of default include, among other requirements: "An itemization of all past due amounts causing the loan to be in default and the total amount due to cure the default;" and "An itemization of any other charges that must be paid in order to the default[.]" *Id.* § 6111(1-A)(B-C).

The Law Court has explained: "Section 6111 affords a mortgagor a period of time within which [the mortgagor] has a right to cure any default on the mortgage *before the mortgagee may accelerate maturity of the unpaid balance of the obligation* or otherwise enforce the mortgage because of a default." *Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 30, 96 A.3d 700 (emphasis supplied) (internal quotation marks and citation omitted). "[S]ection 6111 effectively freezes such additions to the payoff amount during the cure period. Because the amount due as stated in the notice of default is the *precise amount*

*that the mortgagor has thirty-five days to pay in order to cure the default*, the amount due is not... open to any further accrual during that period." *Id.* ¶ 31 (emphasis supplied).

First, the Notice of Default is defective because it appears to require Defendant to pay other amounts in addition to the amount necessary to cure the default. Plaintiff's Notice of Default initially states that the "AMOUNT NOW DUE" on the mortgage is $4,389.17. (Therrien Aff. Ex. C.) The Notice of Default further states:

> You have the right to cure such defaults by (a) full payment of all amounts that are due without acceleration, ... In order to avoid the consequences described here-in-below, you must tender to the Mechanics Savings Bank the AMOUNT NOW DUE not later than thirty five (35) days after the receipt of this notice.

(*Id.*) This language sufficiently complies with 14 M.R.S. § 6111 and *Greenleaf.*

However, it is the Notice of Default's subsequent language that fails to strictly comply with § 6111 and *Greenleaf.* The next paragraph of the Notice of Default states:

> You have the right to reinstate the your loan after acceleration until a judgment is entered if you meet the following conditions:
> (1) You pay to Lender the full amount that then would be due under this Security Instrument and the Note as if immediate payment in full had never been required;
> ...
> (3) You pay all of Lender's reasonable expenses in enforcing this Security Instrument including, for example, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the property and rights under this Security Instrument;...

(*Id.*) The Notice of Default further states, emphasized with italics:

> *Complete satisfaction of the terms set forth in the preceding paragraph is required to avoid acceleration and foreclosure.*

(*Id.*) (emphasis original).

As discussed above, § 6111 effectively freezes the pay-off amount that a mortgagor must pay in order to avoid acceleration of the mortgage and foreclosure. *Greenleaf*, 2014 ME 89, ¶¶ 30-31, 96 A.3d 700. The emphasized statement that "*Complete*

*satisfaction of the terms set forth in the preceding paragraph is required* **to avoid acceleration***"* suggests that Defendant must do more than simply pay the amount now due in order to avoid acceleration. (Therrien Aff. Ex. C) (italics original, bold supplied). The italicized statement suggests that the Defendant must also pay "the full amount that then would be due under this Security Instrument and the Note" and "all of Lender's reasonable expenses in enforcing this Security Instrument" in order to cure the default avoid acceleration. (*Id.*) Thus, the Notice of Default appears to require Defendant to pay other amounts in addition to the "AMOUNT NOW DUE" in order to cure the default and avoid acceleration. Therefore, in light of the Law Court's directive that foreclosure plaintiffs must strictly comply with all statutory requirements, the Notice of Default does not state the "precise amount" that Defendant must pay in order cure the default and avoid acceleration of the mortgage.[1]

Second, the Notice of Default does not properly itemize the other charges that must be paid in order to cure the default. As previously discussed, § 6111 requires that the notice of default contain an "itemization of any other charges that must be paid in order to cure the default[.]" 14 M.R.S. § 6111(1-A)(C).

The Default Notice stated that the "AMOUNT NOW DUE" on the mortgage was $4,389.17. (Therrien Aff. Ex. C.) According to a footnote in the Notice, the basis for calculating the "AMOUNT NOW DUE" was shown in a separate attachment. (*Id.*) The attached document contained an itemized list of all past due monthly mortgage

---

[1] The court recognizes that the likely *intent* of the subsequent paragraphs in Plaintiff's Notice was to inform Defendant that, even after the cure period had expired, Defendant could have the loan reinstated as if acceleration had not occurred by paying "the full amount that then would be due under this Security Instrument and the Note" and "all of Lender's reasonable expenses in enforcing this Security Instrument" in addition to other requirements. However, the italicized sentence cited above does not state, *Complete satisfaction of the terms set forth in the preceding paragraph is required to reinstate the mortgage as if acceleration had not occurred.* It is the use of the phrase *"to avoid acceleration"* that suggests that the mortgagor must comply with the additional terms to prevent acceleration, i.e., during the 35-day cure period.

payments from December 1, 2014, through February 1, 2015. (*Id.*) The attached document also listed late fees of $294.86, postage expenses of $4.98, and a "Fee Balance" of $30.00. (*Id.*)

Neither the Default Notice nor the document attached thereto states what charges or amounts are included in the $30.00 "Fee Balance" that Defendant must pay in order to cure the default. It is unclear whether the "Fee Balance" represents a single charge or multiple charges. It is unclear whether this "Fee Balance" includes reasonable attorneys fees, property inspection fees, property valuation fees, or other fees incurred by Plaintiff in protecting its security interest in the property.

Therefore, in light of the Law Court's directive that plaintiffs must strictly comply with all statutory requirements, the court concludes that Plaintiff's Notice fails to properly itemize the additional charges that must be paid in order to cure the default in accordance with § 6111.

Because compliance with 14 M.R.S. § 6111 is an essential element of foreclosure, there is no genuine issue that Plaintiff will be unable to prove its substantive claim at trial. Therefore, the court must entered summary judgment for Defendant. *See Girouard*, 2015 ME 116, ¶ 9, 123 A.3d 216.

B.    Unsupported Statements of Fact

Furthermore, even if Plaintiff's Notice of Default was not defective, there are other defects in Plaintiff's statement of material facts that would preclude summary judgment for Plaintiff.

1.    *Proof of James J. Fisher's Death*

The record reflects that both Defendant and James J. Fisher signed the note and the mortgage. (Therrien Aff. Ex. A & B.) Thus, as co-signor and co-obligor, James J. Fisher would have an interest in this action and would be a necessary party pursuant to

Maine Rule of Civil Procedure 19. *See Mechs. Sav. Bank v. Redlon*, 2013 Me. Super. LEXIS 234, at *3 (Nov. 1, 2013). Plaintiff asserts that James J. Fisher died on July 12, 2012, leaving Defendant as the sole obligor under the note and mortgage and the surviving joint tenant of the property. (Pl. Supp. S.M.F. ¶ 3.) Plaintiff cites Therrien's affidavit in support of its assertion. (*Id.*) Therrien's affidavit reiterates the same assertion, but provides no citation to evidence to support the assertion. (Therrien Aff. ¶ 9.) Thus, there is no evidence in the summary judgment record establishing the fact of James J. Fisher's death, that Defendant and James J. Fisher were in fact joint tenants, and that James J. Fisher, his successors, or his representatives have no interest in the property. *See Redlon*, 2013 Me. Super. LEXIS 234, at *3.

2. *Reasonable Attorney Fees and Costs*

Plaintiff's statement of fact regarding the amount of attorney fees and costs was not properly supported. In a mortgage foreclosure action, the court must determine the amount due on the note, including *reasonable* attorney fees and costs. 14 M.R.S. § 6322; *Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700 (emphasis supplied). Without citation to an affidavit from counsel or a breakdown of the attorney fees and costs, the court cannot determine whether the legal fees claimed in a plaintiff's statement of material facts are reasonable. *Bath Sav. Inst. v. Elichaa*, 2014 Me. Super. LEXIS 165, at *5 (Sept. 19, 2014).

In its statement of material facts, Plaintiff avers that the total amount due on the mortgage as of September 16, 2015, was $132,318.10, including $2,103.31 in "collection costs." (Pl. Supp. S.M.F. ¶ 12.) Plaintiff further avers that those collection costs included $2,008.33 in legal fees and costs (*Id.*) Plaintiff cites only Therrien's affidavit and Exhibit D attached thereto in support of its assertions. (*Id.*) Therrien's affidavit reiterated the same assertions and cites Exhibit D attached thereto as evidentiary

support. (Therrien Aff. ¶ 18.) The expense report included in Exhibit D provides an itemized list of expenses incurred by Plaintiff, including various "legal" fees totaling $2,008.33. (*Id.* Ex. D.) The expense report does not explain the purpose for which these "legal" fees were incurred. (*Id.*) Plaintiff does not cite to the affidavit of its counsel or the invoices attached thereto as evidence of the fees and expenses incurred in this foreclosure action. (Pl. Supp. S.M.F. ¶ 12; Therrien Aff. ¶ 18); *see* (Buck Aff. Attachments.)

The expense report attached to Therrien's affidavit as part of Exhibit D provides no explanation or context for how or why these "legal" fees were incurred. Therefore, the court is unable to evaluate the reasonableness of those fees. Additionally, the court is not permitted to search the record to find evidence in support of statements of material fact. M.R. Civ. P. 56(h)(4); *Gabay*, 2011 ME 101, ¶ 17, 28 A.3d 1158. Thus, the court may not search the record for counsel's affidavit in order to evaluate whether the $2008.33 in legal fees and costs is reasonable.

3.      *Order of Priority and Amounts Due to Parties-in-Interest*

As previously discussed, proof of the order of priority and any amounts that may be due to other parties-in-interest is an essential element that plaintiff must establish in order to obtain foreclosure. *Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700 (citation omitted). Plaintiff's statement of fact regarding the order of priority and amounts due to parties-in-interest must be supported by evidence in the record. *Lubar v. Connelly*, 2014 ME 17, ¶¶ 37-38, 86 A.3d 642. Further, as previously stated, when an affiant's statements are based upon his or her review records, those records must be attached in order to provide adequate evidentiary support. *Kulas*, 2011 ME 70, ¶ 10, 21 A.3d 1015; M.R. Civ. P. 56(h)(4).

In its statement of material facts, Plaintiff avers that Household Finance Corporation II is a party-in-interest in this action due to a undischarged mortgage from Defendant and James J. Fisher dated December 22, 2014,[2] recorded in Book 6191, Page 320, and assigned to Household Finance Corporation II by an assignment dated July 11, 2005, and recorded in Book 6420, Page 305. (Pl. Supp. S.M.F. ¶ 15.) Plaintiff avers that Main Street Acquisition Corporation is also a party-in-interest in this action due to a writ of execution in the amount of $1,629.50 against James J. Fisher dated September 19, 2011, recorded in Book 8258, Page 197. (*Id.* ¶ 16.) Lastly, Plaintiff avers that the State of Maine, Maine Revenue Service is also a party-in-interest in this action due to two tax liens against Defendant in the amounts of $3,696.99 and $3,289.48, dated May 28, 2013, and June 3, 2014, and recorded in Book 8681, Page 29 and Book 8924, Page 169 respectively. (*Id.* ¶ 17.) Plaintiff cites Therrien's affidavit in support of these contentions. (*Id.* ¶¶ 15-17.) Therrien's affidavit reiterates these contentions but provides no citation to record evidence to support these contentions. (Therrien Aff. ¶¶ 21-23.)

There is no basis in the summary judgment record for the court to conclude that Therrien has personal knowledge of the original amounts due to parties-in-interest and the exact book and page numbers of where the those mortgages, the writ of execution, and tax liens are recorded. Therefore, because Plaintiff failed to provide record evidence in support of their statements of material fact, Plaintiff's contentions regarding the order of priority and amounts due to parties-in-interest are not properly supported.

---

[2] This date appears to be an error. However, because Plaintiff has failed to support this statement of material fact with record evidence, the court is unable to determine whether this date is in fact incorrect.

Ordinarily, when a plaintiff in a foreclosure action fails to properly support its statements of material fact, the court denies summary judgment and permits the plaintiff to either remedy the identified deficiencies with supplemental evidence or produce the evidence at trial. However, because Plaintiff's Notice of Default is defective, Plaintiff is not entitled to remedy the deficiencies in this case.

## IV.  CONCLUSION

Plaintiff's Motion for Summary Judgment is denied. Summary Judgment is granted for Defendant.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule Civil Procedure 79(a).

Date: 4/6/16

MaryGay Kennedy
Justice, Superior Court