STATE OF MAINE                                          SUPERIOR COURT
ANDROSCOGGIN, SS.                                       CIVIL ACTION
                                                        DOCKET NO. AUBSC-RE-15-017

MECHANICS SAVINGS BANK,                    )
                                           )
         Plaintiff,                        )
                                           )
v.                                         )      ORDER ON PLAINTIFF'S MOTION
                                           )      FOR SUMMARY JUDGMENT
RICHARD H. BELLISLE,                       )
                                           )
         Defendant.                        )

RECEIVED & DOCKET

JUN 1 5 2016

ANDROSCOGGIN
SUPERIOR COURT

Presently before the court is Plaintiff Mechanics Savings Bank's Motion for Summary Judgment in this foreclosure action brought pursuant to 14 M.R.S. §§ 6321-6325. Defendant Richard H. Bellisle has appeared in this action, but did not file an opposition to Plaintiff's motion.

After independent review, Plaintiff's Motion for Summary Judgment is denied and judgment is entered for the Defendant.

I.      BACKGROUND

On or about March 7, 2007, Defendant executed and delivered to Plaintiff a promissory note with an original principle amount of $41,000.00. (Pl. Supp. S.M.F. ¶ 1.) The promissory note was secured by a mortgage on property located at 554 White Oak Hill, Poland, Androscoggin County, Maine. (Id. ¶ 2.) Plaintiff asserts that Defendant has defaulted on his obligations under the note and the mortgage by failing to make monthly payments when due since June 1, 2014. (Id. ¶¶ 7-8.)

Plaintiff mailed Defendant a notice of default and right to cure on September 8, 2014 (the "Notice of Default"). (Id. ¶ 9.) Plaintiff filed a complaint for foreclosure on February 12, 2015. (Compl. 1.) Foreclosure mediation pursuant to Maine Rule of Civil Procedure 93 was held on April 23, 2015. (Med. Report 1.) Further mediation was terminated by order of the court on June 17, 2015. (6/17/15 Order 1.) On August 5,

2015, Plaintiff requested that the court stay this foreclosure pursuant to 14 M.R.S. § 6321. (Motion to Stay 1.) The court granted Plaintiff's motion to stay on August 10, 2015. (8/10/15 Order 1.) The stay was lifted on January 8, 2016. (1/8/16 Order 1.) Plaintiff filed this motion for summary judgment on January 21, 2016. (Pl. Mot. Summ. J. 1.) Defendant did not respond to Plaintiff's motion.

## II.    STANDARD OF REVIEW

In residential mortgage foreclosure actions, the court strictly applies the rules regarding summary judgment. *HSBC Mortg. Servs., Inc. v. Murphy*, 2011 ME 59, ¶ 9, 19 A.3d 815. When a party moves for summary judgment in a residential mortgage foreclosure action, Maine Rule of Civil Procedure 56(j) requires the court to independently determine whether the mortgage holder has properly set forth in its statement of material facts all of the elements necessary for a foreclosure judgment. M.R. Civ. P. 56(j); *Chase Home Fin. LLC v. Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508. Each statement of material fact must be "supported by evidence of a quality that could be admissible at trial." *HSBC Bank USA, N.A. v. Gabay*, 2011 ME 101, ¶ 10, 28 A.3d 1158; M.R. Civ. P. 56(h)(4). The court must not consider a statement of material fact unsupported by citation to record evidence nor is the court allowed to search the record to find evidence in support of such unsupported statements. M.R. Civ. P. 56(h)(4); *Gabay*, 2011 ME 101, ¶ 17, 28 A.3d 1158.

Rule 56 also requires that "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." M.R. Civ. P. 56(e). When an affiant's statements are based upon his or her review of business records, these records must be attached and must be referenced in order for the affidavit to provide adequate evidence in support of a motion for summary judgment. *Cach, LLC v. Kulas*, 2011 ME 70, ¶ 10, 21 A.3d 1015; M.R. Civ. P. 56(h)(4). In order for

such business records to be deemed "of a quality admissible at trial," a qualified witness must attest, with regard to each record, that:

> (1) the record was made at or near the time of the events reflected in the record by, or from information transmitted by, a person with personal knowledge of the events recorded therein;
> (2) the record was kept in the course of a regularly conducted business;
> (3) it was the regular practice of the business to make records of the type involved; and
> (4) no lack of trustworthiness is indicated from the source of information from which the record was made or the method or circumstances under which the record was prepared.

*Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 25, 96 A.3d 700; M.R. Evid. 803(6).

In order to obtain summary judgment in a residential mortgage foreclosure action, the mortgage holder "must comply strictly with all steps required by statute," and the mortgage holder's statement of material facts must contain facts proving eight essential elements, including:

- the existence of the mortgage, including the book and page number of the mortgage,

- evidence of a properly served notice of default and right to cure in compliance with 14 M.R.S. § 6111;

- the amount due on the mortgage note, including any reasonable attorney fees and court costs; and

*Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700 (citation omitted).

If the court determines on a motion for summary judgment that a foreclosure plaintiff would be unable to prove a necessary element of its substantive claim, then the court must enter judgment for the defendant. *Wells Fargo Bank, N.A. v. Girouard*, 2015 ME 116, ¶ 9, 123 A.3d 216. The court may order summary judgment against the moving party without the need for a cross-motion by the non-moving party when the facts are

thoroughly explored and no genuine issue found.  M.R. Civ. P. 56(c); 3 Harvey, *Maine Civil Practice* § 56.10 at 251 (3d ed. 2012).

III.    ANALYSIS

A.    Notice of Default

Plaintiff's Notice of Default did not strictly comply with 14 M.R.S § 6111.  Under 14 M.R.S. § 6111, a mortgagee may not accelerate or enforce a mortgage on a mortgagor's primary residence until at least 35 days after giving written notice of the mortgagor's right to cure the default.  14 M.R.S. § 6111(1).  If the mortgagor tenders payment of the amounts necessary to cure the default within the 35 days, the mortgage is restored as though the default had not occurred.  *Id.*  Section 6111 mandates that the notice of default include, among other requirements:  "An itemization of all past due amounts causing the loan to be in default and the total amount due to cure the default;" and "An itemization of any other charges that must be paid in order to the default[.]" *Id.* § 6111(1-A)(B-C).

The Law Court has explained: "Section 6111 affords a mortgagor a period of time within which [the mortgagor] has a right to cure any default on the mortgage *before the mortgagee may accelerate maturity of the unpaid balance of the obligation* or otherwise enforce the mortgage because of a default." *Greenleaf*, 2014 ME 89, ¶ 30, 96 A.3d 700 (emphasis supplied) (internal quotation marks and citation omitted).  "[S]ection 6111 effectively freezes such additions to the payoff amount during the cure period.  Because the amount due as stated in the notice of default is the *precise amount that the mortgagor has thirty-five days to pay in order to cure the default*, the amount due is not... open to any further accrual during that period." *Id.* ¶ 31 (emphasis supplied).

First, the Notice of Default is defective because it appears to require Defendant to pay other amounts in addition to the amount necessary to cure the default.  Plaintiff's

Notice of Default initially states that the "AMOUNT NOW DUE" on the mortgage is $4,457.05. (Therrien Aff. Ex. C.) The Notice of Default further states:

> You have the right to cure such defaults by (a) full payment of all amounts that are due without acceleration, ... In order to avoid the consequences described here-in-below, you must tender to the Mechanics Savings Bank the AMOUNT NOW DUE not later than thirty five (35) days after the receipt of this notice.

(*Id.*) This language sufficiently complies with 14 M.R.S. § 6111 and *Greenleaf*.

However, it is the Notice of Default's subsequent language that fails to strictly comply with § 6111 and *Greenleaf*. The next paragraph of the Notice of Default states:

> You have the right to reinstate your loan after acceleration until a judgment is entered if you meet the following conditions:
> (1) You pay to Lender the full amount that then would be due under this Security Instrument and the Note as if immediate payment in full had never been required;
> ...
> (3) You pay all of Lender's reasonable expenses in enforcing this Security Instrument including, for example, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the property and rights under this Security Instrument;...

(*Id.*) The Notice of Default further states, emphasized with italics:

> *Complete satisfaction of the terms set forth in the preceding paragraph is required to avoid acceleration and foreclosure.*

(*Id.*) (emphasis original).

As discussed above, §6111 effectively freezes the pay-off amount that a mortgagor must pay in order to avoid acceleration of the mortgage and foreclosure. *Greenleaf*, 2014 ME 89, ¶¶ 30-31, 96 A.3d 700. The emphasized statement that "*Complete satisfaction of the terms set forth in the preceding paragraph is required **to avoid acceleration**"* suggests that Defendant must do more than simply pay the amount now due in order to avoid acceleration. (Therrien Aff. Ex. C) (italics original, bold supplied). The italicized statement suggests that the Defendant must also pay "the full amount that then would

be due under this Security Instrument and the Note" and "all of Lender's reasonable expenses in enforcing this Security Instrument" in order to cure the default and avoid acceleration. (*Id.*) Thus, the Notice of Default appears to require Defendant to pay other amounts in addition to the "AMOUNT NOW DUE" in order to cure the default and avoid acceleration. Therefore, in light of the Law Court's directive that foreclosure plaintiffs must strictly comply with all statutory requirements, the Notice of Default does not state the "precise amount" that Defendant must pay in order cure the default and avoid acceleration of the mortgage.[1]

Second, the Notice of Default does not properly itemize the other charges that must be paid in order to cure the default. As previously discussed, § 6111 requires that the notice of default contain an "itemization of any other charges that must be paid in order to cure the default[.]" 14 M.R.S. § 6111(1-A)(C).

The Default Notice stated that the "AMOUNT NOW DUE" on the mortgage was $4,457.05. (Therrien Aff. Ex. C.) According to a footnote in the Notice, the basis for calculating the "AMOUNT NOW DUE" was shown in a separate attachment. (*Id.*) The attached document contained an itemized list of all past due monthly mortgage payments from June 1, 2014, through September 4, 2014. (*Id.*) The attached document also listed late charges of $381.77, postage expenses of $2.49, and a "Fee Balance" of $2,540.29. (*Id.*)

---

[1] The court recognizes that the likely *intent* of the subsequent paragraphs in Plaintiff's Notice was to inform Defendant that, even after the cure period had expired, Defendant could have the loan reinstated as if acceleration had not occurred by paying "the full amount that then would be due under this Security Instrument and the Note" and "all of Lender's reasonable expenses in enforcing this Security Instrument" in addition to other requirements. However, the italicized sentence cited above does not state, *Complete satisfaction of the terms set forth in the preceding paragraph is required to reinstate the mortgage as if acceleration had not occurred.* It is the use of the phrase "*to avoid acceleration*" that suggests that the mortgagor must comply with the additional terms to prevent acceleration, i.e., during the 35-day cure period.

Neither the Notice of Default nor the document attached thereto states what charges or amounts are included in the $2,540.29 "Fee Balance" that Defendant must pay in order to cure the default. It is unclear whether the "Fee Balance" represents a single charge or multiple charges. It is unclear whether this "Fee Balance" includes reasonable attorneys fees, property inspection fees, property valuation fees, or other fees incurred by Plaintiff in protecting its security interest in the property.

Therefore, in light of the Law Court's directive that plaintiffs must strictly comply with all statutory requirements, the court concludes that Plaintiff's Notice fails to properly itemize the additional charges that must be paid in order to cure the default in accordance with § 6111.

Because compliance with 14 M.R.S. § 6111 is an essential element of foreclosure, there is no genuine dispute that Plaintiff will be unable to prove its substantive claim at trial. Therefore, the court must entered summary judgment for Defendant. *See Girouard*, 2015 ME 116, ¶ 9, 123 A.3d 216.

B.    Unsupported Statements of Fact

Furthermore, even if Plaintiff's Notice of Default was not defective, there are other defects in Plaintiff's statement of material facts that would preclude summary judgment for Plaintiff.

1.    *Book and Page Number of the Mortgage*

Plaintiff's statement of material fact regarding the book and page number of the mortgage is not properly supported. To obtain a judgment of foreclosure, Plaintiff's statement of material facts must contain evidence of the existence of the mortgage, including the book and page number of the mortgage. *Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700 (citation omitted). According to Plaintiff's statement of material fact, the mortgage was recorded in the Androscoggin County Registry of Deeds in Book 7080,

Page 330. (Pl. Supp. S.M.F. ¶ 3.) Plaintiff cites paragraph 9 of Therrien's affidavit in support of this assertion. (*Id.*) Therrien's affidavit reiterates the same assertion but cites no record evidence to support the assertion. (Therrien Aff. ¶ 9.) It is unlikely that Therrien has personal knowledge of the book and page number of the mortgage without referring to business records. As previously discussed, when an affiant's statements are based upon review of business records, those records must be referenced in order to obtain summary judgment. *Kulas*, 2011 ME 70, ¶ 10, 21 A.3d 1015. Therefore, because both Plaintiff's statement of material fact and Therrien's affidavit fail to cite appropriate business records, Plaintiff's assertion regarding the book and page number of the mortgage is not properly supported. *See also Mech. Sav. Bank v. Vicario*, 2014 Me. Super. LEXIS 215, at *4 (Nov. 10, 2014).

2.    *Reasonable Attorney Fees and Costs*

Plaintiff's statement of material fact regarding the amount of attorney fees and costs due to Plaintiff is not properly supported. In a mortgage foreclosure action, the court must determine the amount due on the note, including *reasonable* attorney fees and costs. 14 M.R.S. § 6322; *Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700 (emphasis supplied). Without citation to an affidavit from counsel or a breakdown of the attorney fees and costs, the court cannot determine whether the legal fees claimed in a plaintiff's statement of material facts are reasonable. *Bath Sav. Inst. v. Elichaa*, 2014 Me. Super. LEXIS 165, at *5 (Sept. 19, 2014).

In its statement of material facts, Plaintiff avers that the total amount due on the mortgage as of January 13, 2016, was $46,415.32, including "legal fees and costs" of $562.50 (Pl. Supp. S.M.F. ¶ 11.) Plaintiff cites Therrien's affidavit and Exhibit D attached thereto as support for its assertions regarding the amount due. (*Id.*) Therrien's

affidavit reiterates the same assertions. (Therrien Aff. ¶ 17.) Therrien's affidavit also cites Exhibit D for evidentiary support regarding the amount due. (*Id.*) Exhibit D are Plaintiff's loan payoff and account statements. (*Id.* ¶ 4.) Included in Exhibit D is an expense report containing itemized list of "legal" fees totaling $562.50. (*Id.* Ex. D.) The expense report does not explain the purpose for which those "legal" fees were incurred. (*Id.*) Plaintiff does not cite to the affidavit of its counsel or the invoices attached thereto as evidence of the fees and expenses incurred in this foreclosure action. (Pl. Supp. S.M.F. ¶ 11; Therrien Aff. ¶ 17); *see* (Buck Aff. Attachments.)

Because neither Therrien's affidavit nor Exhibit D provides an explanation or context for how or why these "legal" fees were incurred, the court is unable to evaluate the reasonableness of those fees. The court is also precluded from searching the record for counsel's affidavit in order to determine whether the $562.50 in legal fees is reasonable. M.R. Civ. P. 56(h)(4); *Gabay*, 2011 ME 101, ¶ 17, 28 A.3d 1158. Therefore, Plaintiff's statement of material fact regarding attorney fees and costs is not properly supported.

## IV. CONCLUSION

Based on the foregoing, Plaintiff's Motion for Summary Judgment is denied. Summary Judgment is granted for Defendant.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule Civil Procedure 79(a).

Date:  June 15, 2016

MaryGay Kennedy
Justice, Superior Court