STATE OF MAINE                                   SUPERIOR COURT
YORK, SS.                                        Civil Action
                                                 Docket No. RE-14-85


KENNEBUNK SAVINGS BANK,

           Plaintiff,

    v.
                                                 ORDER DENYING MOTION
HEATHER STEWART,                                 FOR SUMMARY JUDGMENT

           Defendant,

    and

UNITED STATES OF AMERICA,
acting through the RURAL HOUSING
SERVICE, USDA,

           Party-in-Interest.

This matter comes before the court on Plaintiff Kennebunk Savings Bank's motion for summary judgment. For the reasons set out below, the motion is denied.

## I.  Background

On July 15, 2004 Defendant Heather Stewart obtained a loan from Plaintiff Kennebunk Savings Bank in the amount of $15,000 secured by real property located at 57 Circle Drive in Cornish, Maine. On that date she executed and delivered a promissory note in the original principal amount of $15,000 and the mortgage securing the note to Plaintiff. (Pl.'s S.M.F. ¶¶ 1, 9; Weickert Aff. ¶¶ 2-3; Pl.'s Ex. B.) The mortgage is recorded in the York County Registry of Deeds in Book 14171, Page 191. (Pl.'s S.M.F. ¶ 2; Weickert Aff. ¶ 3.) Plaintiff is first priority mortgagee. (Pl.'s S.M.F. ¶ 8; Cadigan Aff. ¶ 2.) Defendant has not made payment on the note since December 2012 and is in default. (Pl.'s S.M.F. ¶ 4; Weickert Aff. ¶¶ 4-5.)

1

On April 7, 2014, Plaintiff sent Defendant a notice of right to cure default and intent to foreclose ("the Notice") via first class mail. (Pl.'s S.M.F. ¶ 10; Weickert Aff. ¶ 4; Pl.'s Ex. C.) Defendant has failed to cure the default. (Pl.'s S.M.F. ¶ 4; Weickert Aff. ¶ 5.) The Notice does not state "that the total amount due does not include any amounts that become due after the date of the notice." *See* 14 M.R.S. § 6111 (1-A)(H) (2015). Rather, it states: "If you wish to cure the default by the Last Day for Payment, you must pay the Total Amount Past Due *(and any other amounts that become due before that date)* in full . . . ." (Pl.'s S.M.F. ¶ 10; Weickert Aff. ¶ 4; Pl.'s Ex. C.) (Emphasis added). As of July 22, 2016, the amount due on the note was $12,564.59. (Pl.'s S.M.F. ¶ 5; Weickert Aff. ¶¶ 4-5.)

On June 13, 2014, Plaintiff filed a complaint for foreclosure. Defendant was served in hand with the complaint on June 17, 2014.

On July 2, 2014, Defendant filed a responsive pleading denying some of Plaintiff's averments, asserting affirmative defenses, and requesting mediation. The parties mediated a reinstatement agreement on September 5, 2014. The case was then stayed at the request of Plaintiff. Plaintiff subsequently requested the stay be lifted alleging that Defendant defaulted on the reinstatement agreement. The court granted the request on November 18, 2015.

Plaintiff moved for summary judgment on August 18, 2016. Defendant did not file an opposition to the motion. Hearing on the motion was held on November 8, 2016. Defendant did not appear at the hearing, however the following day the clerk received an unsigned letter dated November 8, 2016 from Heather Stewart indicating that she had gone mistakenly to Springvale District Court for the hearing and requesting that the hearing be rescheduled.

2

## II. Conclusion

### A. Summary Judgment in Foreclosure Actions

Summary judgment may be granted if, in taking all the facts in the record in a light most favorable to the non-moving party, the moving party is entitled to a judgment as a matter of law. *Lester v. Powers*, 596 A.2d 65, 68 (Me. 1991). Ordinarily, a defendant is deemed to have waived objections to the motion if a proper response is not timely filed. M.R. Civ. P. 7(c). However, in mortgage foreclosure actions the court is required to "examine the merits of the plaintiff's materials filed in support of summary judgment regardless of any inadequacies in a defendant's opposition to summary judgment," and then strictly apply summary judgment standards to test the sufficiency of the supporting materials. *HSBC Bank USA, N.A. v. Gabay*, 2011 ME 101, ¶ 7 n.7, 9, 28 A.3d 1158.

### B. Defective Notice of Right to Cure

A mortgagee "seeking a foreclosure judgment 'must comply strictly with all steps required by statute.'" *Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700 ("*Greenleaf I*") (quoting *Chase Home Finance LLC v. Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508). One requirement is that a plaintiff/mortgagee present "evidence of properly served notice of default and mortgagor's right to cure in compliance with statutory requirements [of section 6111]." *Id.*; 14 M.R.S. § 6321 (2015). Section 6111(1-A) prescribes specific content for such a notice,[1] which includes a statement that the

---

[1] "A mortgagee shall include in the written notice under [14 M.R.S. § 6111(1)] the following:
  A. The mortgagor's right to cure the default as provided in subsection 1 [of section 6111];

  B. An itemization of all past due amounts causing the loan to be in default and the total amount due to cure the default;

  C. An itemization of any other charges that must be paid;

"total amount due does not include any amounts that become due after the date of the notice." 14 M.R.S. § 6111(1-A)(H). Thus, the mortgagee must notify the mortgagor that the total amount due required to cure the default is effectively frozen during the 35-day cure period and not subject to any further accrual during that period. *Greenleaf*, 2014 ME 89, ¶ 31, 96 A.3d 700. Failure to include this statement is an "independent basis" for denying a foreclosure judgment. *Id*.

The Notice in this case does not contain the statement required by section 6111(1-A)(H). The statement in the Notice informing Defendant she must pay the "Total Amount Past Due *(and any other amounts that become due before that date)* in full . . ." directly contradicts the requirements of section 6111. Pl.'s S.M.F. ¶ 10; Weickert Aff. ¶ 4; Pl.'s Ex C.) (Emphasis added) The "Total Amount Due" is not a fixed amount, but expressly includes other amounts that become due before the "Last Day for Payment."

---

D. A statement that the mortgagor may have options available other than foreclosure, that the mortgagor may discuss available options with the mortgagee, the mortgage servicer or a counselor approved by the United States Department of Housing and Urban Development and that the mortgagor is encouraged to explore available options prior to the end of the right-to-cure period;

E. The address, telephone number and other contact information for persons having authority to modify a mortgage loan with the mortgagor to avoid foreclosure, including, but not limited to, the mortgagee, the mortgage servicer and an agent of the mortgagee;

F. The name, address, telephone number and other contact information for all counseling agencies approved by the United States Department of Housing and Urban Development operating to assist mortgagors in the State to avoid foreclosure;

G. Where mediation is available as set forth in section 6321-A, a statement that a mortgagor may request mediation to explore options for avoiding foreclosure judgment; and

H. A statement that the total amount due does not include any amounts that become due after the date of the notice."

14 M.R.S. § 6111(1-A) (2015)

(*Id.*)

Plaintiff's counsel at hearing on the motion acknowledged this deficiency, but argued the court should find the Notice sufficient because it was sent to Defendant prior to the Law Court's decision in *Greenleaf I*. However, *Greenleaf I* did not indicate that its ruling was to have prospective application only. *Greenleaf*, 2014 ME 89, ¶¶ 8, 29-31, 96 A.3d 700; *see also Wells Fargo Bank, N.A. v. Girouard*, 2015 ME 116, ¶ 3, 1123 A.3d 216 (holding a defective notice to cure default sent in December 2012 barred success on the merits of a foreclosure claim). While mindful of the difficult position in which this places Plaintiff, the court has no alternative but to find the Notice deficient and, accordingly, deny the motion.

### III.   Order

In accordance with the foregoing, Plaintiff Kennebunk Savings Bank's motion for summary judgment is DENIED.

The clerk may incorporate this order upon the docket by reference pursuant to Rule 79(a) of the Maine Rules of Civil Procedure.

**SO ORDERED**

DATE:   December 28, 2016

Wayne R. Douglas
Justice, Superior Court

5