STATE OF MAINE
Cumberland, ss.

DISTRICT COURT
LOCATION: Portland
DOCKET NO: CV-21-0222

Portfolio Recovery Associates, LLC,                )
                                                    )
                    Plaintiff,                      )
                                                    )    ORDER ON PLAINTIFF'S FILING OF
        v.                                          )        32 M.R.S. § 11019 ACTION
                                                    )
Trisha Hopper,                                      )
                                                    )
                    Defendant.                      )
                                                    )

The Plaintiff has submitted a complaint, initiating a collections action. This matter is subject to the provisions of the Maine Fair Debt Collection Practices Act, 32 M.R.S §§ 11001–11054, particularly section 11019 because the debt that is the subject of the complaint was purchased after January 1, 2018.

Section § 11019 of the Maine Fair Debt Collection Practices act prohibits the *initiation* of a collection action against a consumer without adherence to the various stated requirements. If a plaintiff files a complaint in a collection action governed by section 11019 that does not include the required allegations or documentation, the action is not properly before the court. The Maine Law Court has held that lack of standing is a matter of justiciability which precludes a party from invoking the trial court's jurisdiction. *See Wells Fargo Bank v. Girouard*, 2015 ME 116, ¶ 8 n.3, 123 A.3d 216 (citing *Homeward Residential, Inc. v. Gregor*, 2015 ME 108, ¶¶ 15-20, 122 A.3d 947). "Courts can only decide cases before them that involve justiciable controversies." *Witham Family Limited Partnership v. Town of Bar Harbor*, 2015 ME 12, ¶ 7, 110 A.3d 642 (quoting *Lewiston Daily Sun v. Sch. Admin. Dist. No. 43*, 1999 ME 143, ¶ 12, 738 A.2d 1239).

REC'D CUMB CLERKS OFC
NOV 5 '21 AM8:37

1

Standing is a matter of justiciability. *See Madore v. Maine Land Use Regulation Commission*, 1998 ME 178, ¶¶ 7-8, 715 A.2d 157. If a plaintiff fails to meet statutory requirements for filing, or initiating an action, the plaintiff lacks standing. *See Homeward Residential, Inc.*, 2015 ME 108, ¶¶ 18-20, 122 A.3d 947. The court may notice and act on "issues relating to its authority at any time, on its own motion or on the motion of a party." *Id.* ¶ 20 (quoting *Francis v. Dana-Cummings*, 2007 ME 16, ¶ 20, 915 A.2d 412).

While debt collection cases fall within the court's general jurisdiction, *see* 4 M.R.S. § 152, a party that lacks standing may not invoke the trial court's jurisdiction. *See Homeward Residential, Inc.*, 2015 ME 108, ¶ 18, 122 A.3d 947 (citing Bank of America, N.A. v. *Greenleaf, 2014 ME 89, ¶ 9, 96 A.3d 700*). Here, the court notes the plaintiff failed to meet the statutory requirements of 32 M.R.S. § 11019 and therefore determines *sua sponte* to dismiss this collections action because the plaintiff lacks standing to invoke the court's jurisdiction over such matters.

It is therefore ORDERED that Plaintiff's Complaint is DISMISSED, without prejudice, for lack of standing.

Pursuant to M.R. Civ. P. 79(a), the Clerk is directed to enter this Order on Plaintiff's Request for Default Judgment to Clerk on the civil docket by a notation incorporating it by reference.

Date: 11/4/21

_____
Maria Woodman
Judge, Maine District Court

2